HUMPHRIES, Judge.
This is an appeal from a judgment in favor of the Louisiana Livestock Sanitary Board and against the defendant-appellant, Joseph A. Pickett, Sr. ordering the latter to present and restrain his cattle for identification and testing as provided by R.S. 3:2221. We affirm.
The defendant consigned 19 head of cattle for sale at Guilbeau-Kennedy Stock Yards, Inc., Opelousas, Louisiana on June 19, 1974. All of the cattle were tested and one cow tested positive for brucellosis. This test was confirmed at the brucellosis testing laboratory in Baton Rouge, Louisiana. The defendant was sent a letter by certified mail on July 23, 1974 demanding that he present and restrain his cattle on September 3, 1974 in order that they could be tested for brucellosis. He refused the certified mail. The veterinarian and another employee of the department arrived at the defendant’s farm on the designated date and were informed by the defendant that he did not have his cattle penned and he was not ready to have them tested. Following this complete rejection of the law, the Livestock Sanitary Board, as was its legal duty, brought this action seeking the aid of the court in carrying out this mandate of the law.
*523 The defendant-appellant contends that the plaintiff board failed to sustain the burden of proof. He contends that they did not prove that the brucellosis infected cow was over 8 months of age or that the defendant had a herd of cattle, or for that matter any cattle at all.
The particular provision of law at issue is R.S. 3:2221 which provides as follows:
“A. Any person owning or having charge of any male or female cattle over eight months of age in a herd which has shown evidence of brucellosis infection, or has intermingled with or otherwise been exposed to brucellosis infected animals, upon at least thirty days prior written notification by an authorized agent of the Livestock Sanitary Board shall present and restrain the cattle for identification and testing, and such infected herds shall be retested until these herds have become classified brucellosis negative as defined in Regulation 17 of the Livestock Sanitary Board. Cattle in open range country shall be worked at a time to correspond to the normal procedure for handling such cattle.”
The provision of law quoted above does not require that the infected cow be over 8 months of age. The law provides that a person having a cow over 8 months of age in a herd which has shown evidence of brucellosis infection or exposure is subject to the regime provided by the statute.
The second contention is equally untenable. The defendant resists the demands of the board on the grounds that it was not shown that he owned a herd of cattle. He contends that his resistance to the authority of the board and the law has successfully prevented the State of Louisiana from sustaining its burden of proof and therefore he has successfully thwarted the law and he should be exonerated by this court. He proudly points to his acts of resistance: the refusal of the certified letter; the failure to have the cattle penned; and the successful assertion, in the lower court, of the Fifth Amendment when called to the stand under cross-examination. There was sufficient evidence, adduced at the trial, that the defendant did have a herd of cattle. The veterinarian, who went to the defendant’s farm to test the cattle, testified that the defendant stated that he didn’t have his cattle penned as he was not ready for them to be tested. This is an admission on his part that he did have cattle. Since there is evidence in the record to support the finding of fact by the trial judge we must affirm. Additionally, if the defendant did not have any cattle it is more logical to assume, as perhaps did the trial judge, that the defendant would inform the authorities that he had no cattle rather than taking the course of employing an attorney and going through a trial and an appeal from that trial. If the defendant had no cattle it is hard to understand how he could successfully invoke the provisions of the Fifth Amendment.
We are constrained to pass upon the successful assertion of the provisions of the Fifth Amendment by the defendant when called under cross-examination. The procedure followed in the lower court is not the proper procedure to follow in invoking the Fifth Amendment. The defendant was called to the stand under cross-examination and after being asked if he were the defendant in the case and replying in the affirmative he was asked the following question, and answered, as quoted:
“Q. On June 19, 1974 did you sell to the Guilbeau-Kennedy Livestock barn certain cattle as listed on this list?
A. I refuse to testify on the grounds that it may tend to incriminate me. I invoke the Fifth Amendment of the United States in Article 1, Section 11 of the Louisiana Constitution of 1921.”
Following this the court called counsel to the bench and an off the record discussion *524 ensued. The court then sustained the objection, although no objection had really been made — the defendant just invoked the Fifth Amendment. The proper procedure to follow, in civil cases, is to permit the witness to remain on the stand and be asked each question and invoke the privilege after each question and the judge rule as to whether that particular question is incriminating. McCormick Evidence HB., Chapter 13, Section 124, page 258.
(T)he accused in a criminal prosecution has a privilege not to be called or sworn as a witness at the State’s instance. His is a privilege to stay off the stand. The ordinary witness, that is, any witness except such an accused, has no such broad exemption. He must submit to be called and sworn by either party and to answer all questions except incriminating ones. The practical difference is substantial, since the ordinary witness has the burden, generally, of sifting out the incriminating questions and claiming privileges as to them — no easy task.
Not because it is an issue in the case, but because counsel has argued it, we pass upon the correctness of the ruling of the trial court in holding that plaintiff was not obligated to pay costs prior to the commencement of this action. The defendant filed a motion to dismiss because of the failure of the plaintiff to deposit advance costs with the Clerk of Court on the filing of these pleadings. The trial judge denied the motion and the defendant-appellant reurges its motion on appeal. We agree with the ruling of the trial judge. The law is found in R.S. 13:4521 and plainly provides that neither the State nor any of its boards or commissions shall be required to pay court costs in any judicial proceedings.
In accordance with the reasons herein-above expressed, it is
Ordered, adjudged and decreed that the appellant, Joseph A. Pickett, Sr. present and restrain his cattle for the purpose of brucellosis testing and identifying at 9:00 o’clock A.M. on the 35th day from the effective day of this judgment.
The appellant is cast for all costs in the lower court and for this appeal.
Affirmed.