372 So.2d 690 (1979)
Mark J. LAMARTINIERE, Plaintiff and Appellee,
v.
DEPARTMENT OF EMPLOYMENT SECURITY State of Louisiana and Union Carbide, Defendant and Appellant.
No. 12622.
Court of Appeal of Louisiana, First Circuit.
May 29, 1979.
Rehearing Denied July 16, 1979.
*691 Ron Macaluso, Hammond, for plaintiff and appellee.
James A. McGraw, Baton Rouge, for State of Louisiana.
Stephen D. Ridley, New Orleans, for Union Carbide.
Before LANDRY, COVINGTON and PONDER, JJ.
COVINGTON, Judge.
This is an appeal by the employer, Union Carbide Corporation, from a judgment of the District Court holding as follows:

"JUDGMENT
"This case having been duly heard and submitted to the Court for adjudication and the Court considering the law to be in favor of petitioner, Mark J. Lamartiniere, for the reasons contained herein;
"IT IS ORDERED, ADJUDGED AND DECREED that this matter be remanded to the State of Louisiana, Board of Review, Office of Employment Security, and the same shall enter an order in accordance with the mandate of this Court.
"The Supreme Court of Louisiana, No. 61621, State of Louisiana, v. Mark J. Lamartiniere, on the 5th day of September, 1978, has held that the search warrant in issue herein held that `the evidence seized pursuant to the invalid search warrant (is) inadmissible.'
"The Louisiana Constitution Article 1 Section 5 confirms the right that `(a)ny person adversely affected by a search or seizure conducted in violation of this section shall have the standing to raise its illegality in the appropriate court.'
"In applying LSA-R.S. 23:1634 this Court's jurisdiction is limited to questions of law. The application and the effect of the exclusionary rule as it applies to evidence is a question of law and therefore this Court finds as follows:
"The unconstitutionality of the search and seizure which produced the company's tools prevents these items or references thereto to be admitted as evidence. As such, all company tools, and any and all evidence and references thereto resulting directly or indirectly from the unconstitutional search or seizure shall be stricken from the record of this matter, Employment Security Docket No. H 252-AT-78.
"Judgment read, rendered and signed this 14 day of September, 1978, in Amite, Louisiana.
*692 "/s/ Gordon E. Causey, Judge"
It is the position of the employer on appeal that the Mapp exclusionary rule is restricted to criminal and quasicriminal proceedings, that no case has held that the Fourth Amendment (of the United States Constitution) requires application of the exclusionary rule when the evidence is used as a defense in a purely civil action brought by a private party, and that the District Court erred in its ruling that all reference to the illegally seized evidence must be stricken from the record.
We have reviewed the legal authorities and agree with the appellant that the District Court erred in its ruling that the Fourth Amendment to the United States Constitution and Article 1, § 5 of the Louisiana Constitution of 1974 prohibited the admissibility of, or reference to, evidence which was obtained pursuant to a defective search warrant. We reverse the judgment of the District Court.
The evidence which the employer sought to offer to substantiate its claim that the employee had been discharged for work-connected misconduct, i. e., unauthorized possession of company tools, consisted of references to certain company tools found in a warehouse leased to the employee. This evidence was obtained by means of an illegal search and seizure, because the search warrant was defective, and was suppressed in the criminal prosecution of the appellee on a charge of arson with intent to defraud in violation of LSA-R.S. 14:53.[1]
The events leading up to this appeal show that the employee was terminated on January 27, 1978 by his employer for unauthorized possession of company tools. The employee promptly filed a claim for unemployment benefits.
On January 27, 1978, the Office of Employment Security assessed a disqualification against the employee for "misconduct connected with his employment" pursuant to LSA-R.S. 23:1601(2). On April 24, 1978, the Appeals Referee issued his decision affirming the disqualification for benefits and the cancellation of wage credits for misconduct which has "impaired the rights, damaged, or misappropriated the property of" the employer. The decision of the Appeals Referee was affirmed on June 23, 1978, by the Louisiana Board of Review. On review, this administrative decision was reversed by the District Court.
The record made before the administrative bodies clearly establishes that Lamartiniere's job duties at Union Carbide included checking out company tools to other employees for home use and making entries in the company records known as a "home use ledger." The record reveals that company tools were found in a warehouse leased to Lamartiniere, and that his possession of these tools was unauthorized. The company records showed that no tools were checked out to Lamartiniere. Lamartiniere declined to explain his unauthorized possession of company property, upon advice of counsel.
This case presents an issue of the appropriateness of an extension of the Mapp exclusionary rule:[2] Is evidence unconstitutionally seized by a state criminal law enforcement officer inadmissible in a civil proceeding by or against a private party? We deem not. This is particularly true in the instant case where Union Carbide did not have access to, nor attempt to offer, the suppressed evidence in the proceedings below.
The Mapp exclusionary rule excluding, in a criminal prosecution, evidence obtained by an illegal search and seizure in violation of the Fourth Amendment was invoked primarily to deter police from making *693 illegal searches and seizures. Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960); 77 A.L.R.3d 636, 639.
In United States v. Janis, 428 U.S. 433, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976), the United States Supreme Court stated:
"The Court, however, has established that the `prime purpose' of the rule (exclusionary), if not the sole one, `is to deter future unlawful police conduct.'"
In Janis the Court refused to extend the exclusionary rule to exclude from a federal civil tax proceeding evidence illegally obtained by a state law enforcement officer. The Court listed two factors which made it unnecessary to impose additional sanctions: (1) The state law enforcement official was already punished by exclusion of the evidence in the state criminal proceedings; and, (2) The evidence would also be excludable from evidence in federal criminal trials.
The Janis Court, viewing the judicially-created exclusionary rule as safeguarding Fourth Amendment rights "through its deterrent effect, rather than a personal constitutional right of the party aggrieved," concluded:
"[E]xclusion from federal civil proceedings of evidence unlawfully seized by a state criminal enforcement officer has not been shown to have a sufficient likelihood of deterring the conduct of the state police so that it outweighs the societal costs imposed by the exclusion. This Court, therefore, is not justified in so extending the exclusionary rule."
In Janis the Court also points out that the United States Supreme Court has never applied the exclusionary rule "to exclude evidence from a civil proceeding, federal or state."
The Seventh Circuit Court of Appeals, in Honeycutt v. Aetna Ins. Co., 510 F.2d 340 (C.A. 7, 1975), held that evidence obtained by state fire and police officials through an unauthorized search of an insured's home was admissible in an action brought against the insurance company by the insured, and where the evidence was introduced by the insurance company in their defense that the plaintiff committed arson. The exclusionary rule was held inapplicable to this case involving the use of illegally obtained evidence as a defense in an action involving private parties.
In Honeycutt, the Court plainly stated:
"We hold that the Fourth and Fourteenth Amendments do not require in civil cases that the exclusionary rule be extended to situations where private parties seek to introduce evidence obtained through unauthorized searches made by state officials."
Parish of Jefferson v. Bayou Landing Limited, Inc., 350 So.2d 158 (La.1977), relied upon by the employee, is distinguishable from the instant case. It involved affirmative action by a governmental body to enjoin the sale of obscene materials; and, although civil in form, was criminal in nature.
In addition, Parish of Jefferson was primarily concerned with the First Amendment problem of "prior restraint" of written materials, with the Court remarking:
"States are not as free to regulate speech and printed matter as they are to regulate other conduct determined by legislatures to be criminal.... What is an `unreasonable' seizure may depend on the setting and the material seized. ... Police seizure without a warrant is prior restraint of First Amendment freedoms, and is, in itself, unreasonable." (Citations omitted.)
No First Amendment issue exists in the case at bar; tools, not books or film, were seized here.
The case of Marshall v. Barlow's Inc., 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978) cited by appellee, is concerned with whether or not an employer's premises was subject to a warrantless search under the Occupational Safety and Health Act of 1970, 29 U.S.C.A. § 657(a), and does not consider any issue pertinent to the instant case.
Furthermore, appellee's reliance upon Article 1, Section 5, La.Const. of 1974 is misplaced. *694 This section of the Constitution has no application in civil actions between private parties.
In like manner, Article 1, Section 16, of the Louisiana Constitution offers no support to appellee's contention. The pertinent portion that "No person shall be compelled to give evidence against himself" does no more than incorporate the Fifth Amendment immunity.
We believe the exclusion of the evidence in the case at bar would not have any deterrent effect on the state law enforcement officers who illegally seized evidence from claimant's warehouse in good faith reliance on a defective warrant. The entire criminal enforcement process has been frustrated, and the state officials punished, by the exclusion of the evidence in all criminal proceedings pending against the claimant, including arson charges or receiving stolen goods charges which have been or might be filed.
We find that the district court's judgment that no reference, direct or indirect, to the seized evidence can be made by the employer, Union Carbide, in its defense against an unemployment claim is contrary to the weight of authority interpreting the purpose and proper application of the Mapp exclusionary rule.[3] The Federal Courts of Appeal and the United States Supreme Court have refused to apply the exclusionary rule to cases which are both civil in form and effect. See United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed. 561 (1974). There is no authority extending the Mapp exclusionary rule to civil cases between private parties.
Accordingly, for the foregoing reasons, we reverse the judgment of the District Court, and affirm and reinstate the decision of the Board of Review assessing a disqualification against Mark J. Lamartiniere for work-connected misconduct.
REVERSED.
NOTES
[1] The District Court's granting of the Motion to Suppress in the criminal proceedings was affirmed by the Louisiana Supreme Court in State v. Lamartiniere, 362 So.2d 526 (La. 1978).
[2] In Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), the United States Supreme Court established, as a rule of federal constitutional law, that evidence obtained through violations of the federal constitutional provision against unreasonable searches and seizures is inadmissible in state criminal trials, as well as in federal criminal trials. See 30 A.L.R.3d 128.
[3] The proper procedure to follow in civil cases is to allow the witness to testify and be asked each question. The witness then can invoke the privilege against self-incrimination (Fifth Amendment) after each question and the trial judge can rule as to whether that particular question is incriminating. See Louisiana Livestock Sanitary Board v. Pickett, 323 So.2d 521 (La.App. 3 Cir. 1975).