FORET, Judge.
On August 15, 1983, defendant, Weldon Aucoin, was charged by bill of information with theft in the aggregate amount of $984.62, in violation of LSA-R.S. 14:67. Defendant filed a motion to quash the bill of information on the grounds that the prosecution was not timely instituted. After a hearing on January 18, 1984, the trial court denied defendant’s motion to quash. Defendant applied to this Court for writs of certiorari, prohibition and mandamus, which we denied. Defendant then applied for writs to the Louisiana Supreme Court, which granted defendant’s request and remanded the matter to this Court, 450 So.2d 657.
The sole issue presented for this Court’s determination is whether the State bore its burden of proving that the prosecution against defendant was timely instituted.
FACTS
On August 15, 1983, the State filed a bill of information in the Fourteenth Judicial *886 District Court, Calcasieu Parish, charging defendant, Weldon Aucoin, with the “theft of U.S. currency belonging to the Calcasieu Parish School System with a value of $984.62, in violation of LSA-R.S. 14:67”. The bill of information alleged that the theft had occurred in 1976 on August 10 and 20, that is, some seven years before the State instituted the prosecution against defendant. Defendant filed a motion to quash the bill of information on the grounds that the State had not timely instituted the prosecution. A hearing on defendant’s motion to quash was held on January 18, 1984. At that hearing, defendant introduced into evidence the bill of information and a bill of particulars filed by the State, both of which indicated that the theft with which defendant was charged had occurred on August 10 and 20 of 1976.
The State’s only witness was Gabriel J. Barkete, Associate Superintendent for Administration and Personnel for the Calca-sieu Parish School Board. He testified that from some time before 1976 until July of 1983, defendant was employed by the Cal-casieu Parish School Board as a class “A” clerk in the maintenance department. He admitted that at the time of the alleged theft, he had no real connection with the maintenance department, the department in which defendant worked, and that he had no firsthand knowledge of whether defendant was allowed to requisition items on his own. The only other evidence introduced by the State at the hearing on defendant’s motion to quash was a letter of termination from Mr. Barkete to defendant dated July 6, 1983.
WAS DEFENDANT’S PROSECUTION TIMELY?
LSA-C.Cr.P. Art. 572(2) provides that no person shall be prosecuted for a felony not necessarily punishable by imprisonment at hard labor unless the prosecution is instituted within four years of the offense having been committed. The theft of $500 or more, the offense with which defendant was charged, is a felony punishable by imprisonment with or without hard labor. Therefore, defendant’s prosecution, which was instituted some seven years after the alleged crime, was not brought timely under Art. 572(2).
The State relies on an exception to Art. 572(2) established by LSA-C.Cr.P. Art. 573. Art. 573 states, in pertinent part:
“The time limitations established by Article 572 shall not commence to run as to the following offenses until the relationship or status involved has ceased to exist where:
(1) The offense charged is based on the misappropriation of any money or thing of value by one who, by virtue of his office, employment, or fiduciary relationship, has been entrusted therewith or has control thereof; ...”
Although the State need not allege facts showing that the time limitation has not expired, once the issue is raised, the State has the burden of proving that the prosecution was timely instituted. LSA-C. Cr.P. Art. 577. In the instant case, the State bore the burden of proving that the exception embodied in Art. 573(1) was applicable. To do this, the State had to show that defendant misappropriated money or something of value with which he was entrusted by virtue of his employment. This the State did not do.
It is apparent that what the State sought to show was that defendant had used his position as a class “A” clerk for the Calca-sieu Parish School Board to requisition light fixtures which the school board paid for but which defendant converted to his own use. Unfortunately, what the State sought to prove and what it actually proved at the hearing of defendant’s motion to quash were two different things. At the most, the State suggested that defendant had the authority to requisition items[1]. It, *887 however, introduced no evidence to show that defendant had used this authority to commit the theft with which he was charged. The exception of Art. 573, on which the State relies, requires that the misappropriation involved money or a thing of value with which a defendant is entrusted by virtue of his office, employment, or fiduciary relationship. The State did not show that defendant was entrusted by virtue of his employment with the $984.62 which he was alleged to have misappropriated. The State simply did not carry its burden of proof to show that the exception provided by Art. 573(1) was applicable. The trial court erred in not granting defendant’s motion to quash the bill of information.
DECREE
For the foregoing reasons, the decision of the trial court is reversed and defendant’s motion to quash is granted.
REVERSED AND RENDERED.
KNOLL, J., dissents and will assign reasons.

. It is questionable that the State even proved this much since most, if not all, of the testimony of its only witness was impermissible hearsay.