738 So.2d 628 (1999)
STATE of Louisiana
v.
Reginald D. WATTS.
No. 99-KA-57.
Court of Appeal of Louisiana, Fifth Circuit.
May 19, 1999.
Mark D. Nolting, Indigent Defender Board, Gretna, Louisiana, for appellant, Reginald D. Watts.
Paul D. Connick, Jr., District Attorney, Rebecca J. Becker, Alison L. Monahan, Assistant District Attorneys, Twenty-Fourth *629 Judicial District Court, Gretna, Louisiana, for appellee, State of Louisiana.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY and SUSAN M. CHEHARDY.
CHEHARDY, J.
On August 12, 1996, the Jefferson Parish District Attorney filed a bill of information charging defendant, Reginald D. Watts, with possession of cocaine, a felony in violation of La.R.S. 40:967C, which was assigned case number 96-4934. An arraignment was held on September 17, 1996, and defendant pled not guilty.
During a hearing on November 6, 1998, counsel for defendant orally moved to quash the bill of information, asserting that the state had exceeded the statutory time limit for bringing the matter to trial. The state requested that the motion to quash be in writing and that a hearing on the motion be set so that the state could have time to respond. Nevertheless, the trial court granted defendant's oral motion to quash at the November 6, 1998 hearing, without stating reasons.[1] The state timely appealed. For the following reasons, we reverse and remand.
In its appeal, the state asserts two assignments of error, both of which address the sole issue before us: whether the trial court erred by granting defendant's motion to quash.
Pursuant to La.C.Cr.P. art. 578, the state must commence trial within two years from the date of institution of the prosecution in non-capital felony cases. The date of institution of prosecution is the date when the indictment is returned or the bill of information is filed. State v. Gladden, 260 La. 735, 257 So.2d 388 (1972), cert. denied, 410 U.S. 920, 93 S.Ct. 1377, 35 L.Ed.2d 581 (1973).
La.C.Cr.P. art. 532 sets out general grounds for a motion to quash, and provides in pertinent part:
A motion to quash may be based on one or more of the following grounds:
* * * * * *
(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.
A motion for a continuance filed by a defendant is a preliminary plea under La.C.Cr.P. art. 580, which suspends the running of the prescriptive period. State v. Fabacher, 362 So.2d 555 (La.1978). Joint motions to continue likewise suspend the period of limitation. State v. Jones, 620 So.2d 341 (La.App. 5 Cir.1993).
On appeal, the state points out that when a defendant has brought an apparently meritorious motion to quash based on prescription, the state bears a heavy burden to show that prescription was interrupted or suspended. State v. Joseph, 93-2734 (La.6/3/94), 637 So.2d 1032. The state argues that because of this heavy burden, the state should be given time to respond and satisfy its burden. We agree.
The state further argues that the trial court erred in granting defendant's motion to quash because prescription was suspended during periods when the trial date was continued on motion of defendant or on joint motion of defendant and the state. Defendant responds by asserting that the continuances granted in this case were assigned in the minutes in an alternating fashion between the state and defendant. However, the record does not support this assertion.
*630 The record in the present case reveals that the bill of information was filed on August 12, 1996. Trial was originally set for December 16, 1996, but several continuances were granted at the request of the both the state and defendant. Defendant requested continuances both alone and jointly with the state. Defendant also argues that these requests for continuances were not in writing as required by La.C.Cr.P. art. 707. However, the requirement that motions for continuance be in writing can be waived. State v. Jones, supra. Moreover, whether the writing requirement was followed in this case has no bearing on the end result continuances were granted for defendant and suspension periods therefore exist.
A review of the record in the present case reveals the following information about the continuances granted in this case at the request of defendant alone or by defendant and the state jointly:

Date of Request Requested by New Date Days of Suspension
11/04/97 Joint 12/05/97 31
12/05/97 Defendant 01/12/98 38
01/12/98 Joint 01/15/98 3
02/27/98 Defendant 03/13/98 14
03/27/98 Joint 05/22/98 56
05/22/98 Defendant 07/17/98 56
07/28/98 Defendant 08/24/98 27
10/19/98 Defendant 11/06/98 18

Our review shows that defendant either alone or jointly requested continuances which resulted in a suspension totaling 243 days. Without any suspension periods, the two year time limit to commence trial would have expired on August 12, 1998. Defendant orally moved to quash the bill of information 86 days after August 12, 1998. Therefore, the state still had 157 days to commence trial when the trial court erroneously granted defendant's motion to quash.
Accordingly, for the foregoing reasons, the trial court's judgment of November 6, 1998, quashing the bill of information in case number 96-4934 is hereby reversed. The bill of information is reinstated and the matter is remanded to the trial court for further proceedings.
REVERSED; REMANDED.
NOTES
[1] In its oral ruling, the trial court quashed two bills of information filed against defendantthe felony possession of cocaine charge in case number 96-4934, and a misdemeanor charge of criminal mischief (in violation of La.R.S. 14:59) in case number 96-4935. While the state filed separate appeals on the two bills which were quashed, the state has voluntarily dismissed its appeal of the judgment quashing the misdemeanor charge in case number 96-4935. Therefore, only the judgment quashing the bill of information in case number 96-4934 is before us on appeal.