[JAMES L. CANNELLA, Judge.
Defendant, Shone Jordan, appeals from his guilty plea conviction of theft of goods valued over $1,000 and his sentence to seven years imprisonment at hard labor, concurrent with other sentences which he is serving. Defendant reserved his rights under State v. Crosby,[1] to have considered on appeal the trial court ruling denying his motion to quash because the prosecution was untimely. For the reasons which follow, we affirm the conviction and sentence.
The facts giving rise to this prosecution are not pertinent to this appeal which only seeks review of the trial court denial of Defendant’s motion to quash. On November 30, 1997 at approximately 5:30 p.m., Officer Robert Gerdes of the Jefferson Parish Sheriffs Office was working a paid detail at Dillard’s Department Store (Dillard’s) in Metairie, Louisiana, when he heard the alarm, indicating that someone had left the store with a security tagged item. Officer Gerdes saw the Defendant outside of the door cradling a large shopping bag from ^another store which was torn and clothes were spilling out of the bag. Officer Gerdes requested that Defendant stop, but he ran through the fire exit into the parking lot. There was a serious altercation in the parking lot. The Defendant attempted to crush Gerdes with a vehicle and at least one gun shot was fired. The Defendant fled in a vehicle with several marked police units in pursuit. Defendant eventually lost control of the vehicle at Causeway Boulevard and Jefferson Highway, causing the vehicle to crash into an oncoming car, killing the driver and two of her passengers in that vehicle. A more detailed account of the incident is contained in the Defendant’s appeal from his manslaughter convictions. State v. Jordan, 00-282 (La.App. 5th Cir.10/19/00), 774 So.2d 267.
On January 28, 1998, the Defendant was charged by bill of information with theft of goods valued at over $1,000 from Dillard’s, a violation of La. R.S. 14:67.10.[2] On February 9, 1998, the Defendant was arraigned and initially pled not guilty. On March 23 and 27, 2000 a hearing was held on Defendant’s Motion to Quash and a supplemental Motion to Quash, because the prosecution was allegedly not timely. The trial court denied both motions. Thereafter, the Defendant withdrew his plea of not guilty and entered a plea of guilty as charged, reserving his right to appeal the *935 trial court’s denial of his motion to quash pursuant to State v. Crosby. The Defendant executed a waiver of rights form. After advising the Defendant of his constitutional rights, the trial judge accepted the guilty plea and sentenced him to seven years imprisonment at hard labor. This appeal followed.
|40n appeal, Defendant’s counsel filed a brief pursuant to the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The Anders procedure used in Louisiana was discussed in State v. Benjamin, 573 So.2d 528, 529-530 (La.App. 4th Cir.1990), approved by the Louisiana Supreme Court in State ex rel. Hawkins v. Criminal Dist. Court, 92-3200 (La.11/30/93), 629 So.2d 421, adopted for use in this Circuit in State v. Bradford, 95-929 (La.App. 5th Cir.6/25/96), 676 So.2d 1108, 1110, and expanded by the Louisiana Supreme Court in State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242.
To comply with Jyles, appellate counsel not only must review the procedural history of the case and the evidence presented at trial, but also the appellate counsel’s brief must contain “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, 704 So.2d at 242 (quoting State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177).
When an Anders brief is filed, the appellate court reviews (1) the bill of information to insure that the defendant was properly charged; (2) all minute entries to insure that the defendant was present at all crucial stages of the proceedings, the jury composition, verdict, and the sentence; (3) all pleadings in the record; and (4) all transcripts to determine if any ruling provides an arguable basis for appeal. State v. Bradford, at 1110-1111. If, in its independent review, the appellate court finds a legal point arguable on the merits, it may either deny appellate counsel’s motion to withdraw and order him to file a brief arguing the legal point identified by the Court or it may grant the motion to withdraw and appoint substitute appellate counsel. State v. Bradford, at 1110.
[ RPefendant’s appellate counsel has asserted that, after a detailed review of the record, he could find no non-frivolous issues to raise on appeal and he has filed a Motion to- Withdraw as counsel, which states that he sent Defendant a letter to inform him that an Anders brief had been filed and of his right to file a supplemental brief. In addition, this Court sent Defendant a letter by certified mail, informing him that an Anders brief had been filed and granting him until July 6, 2001 to file a supplemental brief. The Defendant has not filed a supplemental brief.[3]
In his appellate brief, Defendant’s counsel has addressed the denial of the motion to quash in which Defendant sought to quash the bill of information because the prosecution was untimely. He concludes that there is no non-frivolous issue regarding this ruling. After an independent re *936 view of the record, we find that Defendant’s appellate counsel’s conclusion is correct.
La.C.Cr.P. art. 578 establishes a two-year prescriptive period from institution of prosecution to commencement of trial in non-capital felony cases. The date of institution of prosecution is the date when the indictment is returned or the bill of information is filed. State v. Gladden, 260 La. 735, 743, 257 So.2d 388, 391 (La.1972), cert. denied, 410 U.S. 920, 93 S.Ct. 1377, 35 L.Ed.2d 581 (1973); State v. Watts, 99-57 (La.App. 5th Cir.5/19/99), 738 So.2d 628, 629.
La.C.Cr.P. art. 580 provides for suspension of that prescriptive period when a defendant files a motion to quash or another preliminary plea. The article | ¿further provides that the period is suspended until the ruling of the trial court, but in no case shall the state have less than one year after the ruling to commence trial. A motion for a continuance filed by a defendant is a preliminary plea under La.C.Cr.P. art. 580 that suspends the running of the prescriptive period. State v. Fabacher, 362 So.2d 555, 556 (La.1978). Oral motions to continue, made by the defense or jointly with the State, can also suspend the period of limitation. State v. Watts, 738 So.2d at 630; State v. Jones, 620 So.2d 341, 343 (La.App. 5th Cir.1993).
In the instant case, the trial judge denied Defendant’s motions to quash because the trial court minutes showed several oral motions to continue by the defense, as well as joint motions to continue with the State. Because Defendant’s trial counsel asserted that he did not recall agreeing to or making any motions to continue, Defendant’s appellate counsel had the record supplemented with transcripts of these dates.
The bill of information was filed on January 28,1998. Without any suspensions or interruptions, the State had two years, or until January 28, 2000, to try the Defendant. A review of the supplemented record indicates, as admitted by Defendant’s appellate counsel, that the continuance granted by the trial court on December 6, 1999 was agreed to jointly by the Defendant and the State. Under La.C.Cr.P. art. 580, the State had a minimum of one year after the ruling to commence the trial, or until December 6, 2000. State v. Simpson, 506 So.2d 837 (La.App. 1st Cir.1987), writ denied, 512 So.2d 433 (La.1987). Thus, the trial court was correct in denying the Defendant’s motion to quash on March 27, 2000.
^Additionally, as also noted by Defendant’s appellate counsel, the record indicates that there was a Motion to Suppress that had not been ruled upon. In State v. Watkins, 594 So.2d 501, 503 (La.App. 5th Cir.1992), writ denied, 600 So.2d 654 (La.1992), this Court recognized that a motion to suppress is a preliminary plea that suspends the period of limitation. In State v. Pratt, 32-302 (La.App. 2nd Cir.9/22/99), 748 So.2d 25, 29, the court held that the period of limitations was suspended when defendant filed a motion to suppress and the period never began to run again because the trial judge never ruled on the motion. Thus, according to State v. Pratt, the running of the period of limitation was likewise suspended until the Defendant entered his guilty plea, thereby waiving the outstanding motion.
Thus, we find that, after an independent review of the record and appellant counsel’s brief, Defendant’s appellate counsel adequately reviewed the procedural history of the case and the evidence presented at trial, and provided “a detailed and reviewable assessment for both the Defendant and the appellate court of whether *937 the appeal is worth pursuing in the first place,” as required by the Louisiana Supreme Court in Jyles. We find no non-frivolous issues that would arguably support an appeal.

ERROR PATENT DISCUSSION

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). The review reveals one clerical error in the commitment that does not prejudice the Defendant and only necessitates amendment of the commitment.
|sThe amended commitment, dated March 27, 2000, provides that the defendant tendered a plea of guilty to “14:67.10 F III,” theft of goods over $1,000. There is no subsection “F III” to La. R.S. 14:67.10. In fact, Defendant was charged with and pled guilty to La. R.S. 14:67.10(B)(1), the theft of goods valued at $500 or more, as provided in the plea transcript. Therefore, we order that the commitment be amended to properly reflect the offense to which the Defendant pled guilty as per the plea transcript. No other patent errors were revealed.
Based on the foregoing, we find that counsel has complied with Anders and is entitled to withdraw from the case. We grant his motion to withdraw. Defendant’s conviction and sentence are affirmed.[4] The case is remanded to the district court for the court to amend the commitment in accordance with the transcript of the guilty plea.
AFFIRMED.

. 338 So.2d 584 (La.1976).

. The crime with which the Defendant was charged provides for sentencing based on the value of the goods taken, with "five hundred dollars or more” being the highest value referenced. Defendant was herein charged with and pled guilty to theft of over $1,000. Since the $1,000 amount is well over the $500 statutorily required amount for the most severe sentence, we find no problem with the listing of the higher amount.

. The initial letter sent to Defendant by this Court was returned with a notation from Angola State Prison (Angola) that the name and Department of Corrections number did not match. After contacting Angola, we learned that the Defendant is known by an alias, "De-vine Jordan" and that he is currently serving sentences for manslaughter and attempted murder. One of the manslaughter sentences was enhanced to a life sentence at hard labor, without benefit of probation, parole or suspension of sentence, as a fourth felony offender. This Court resent the letter to Angola by certified mail, addressed to the Defendant as "Devine Jordan.” A copy of the return receipt is in the record.

. We note that the State has filled an habitual offender bill of information against the Defendant based on. this conviction and the matter is pending in district court.