| ^WALTER I. LANIER, JR., Judge Pro Tern.
This action is being considered on a writ of certiorari.
FACTS
This is an appeal to the State Civil Service Commission by Tressie Turner, who was terminated from her classified employment as a police lieutenant in the Weights and Standards Division of the Department of Transportation and Development (DOTD). By letter dated June 16, 1997, DOTD terminated Ms. Turner. One of the allegations against her was improper use of state property (her assigned mobile cell telephone) to make personal calls at DOTD’s expense in excess of $500 from November 21, 1996, through April 24, 1997.[3]
On appeal, Ms. Turner denied the allegations in the termination letter and sought reinstatement. At the appeal hearing on September 20, 2001, DOTD called Ms. Turner as the first witness and asked her whether she made personal telephone calls from her assigned state cell telephone. She replied that she wished to invoke her Fifth Amendment privilege against self-incrimination.
Over the objection of relator’s counsel, the Civil Service Commission referee (ref *788 eree) instructed her several times to respond to questioning since there were no criminal charges pending against her. DOTD’s attorney then stipulated that the department had not filed any criminal charges and did not intend to do so. Relator’s counsel responded that, because of the hearing’s public setting, law enforcement authorities could review, subpoena, or obtain copies of the hearing’s testimony. The referee adjourned the appeal hearing on September 20, 2001, upon relator’s request to file an application for a supervisory writ on the issue of whether she was entitled to invoke the privilege against self-incrimination when questioned concerning the telephone calls.
^PRIVILEGE AGAINST SELF-INCRIMINATION
The sole assignment of error asserted by Ms. Turner is that the referee erred in ordering her, as a classified employee, to give testimony in violation of her Fifth Amendment privilege against self-incrimination in a civil service appeal hearing.

Constitutional Law

The federal and state constitutions guarantee the privilege against self-incrimination.[4] Both constitutions and La. R.S. 15:276 speak of the privilege in the context of a criminal rather than a civil proceeding.[5]

Jurisprudence

A person may decline to answer questions, claiming the privilege against self-incrimination in either a civil or a criminal proceeding. The trial court, in a civil proceeding, generally allows the witness to testify and be asked each question and then rules as to whether that particular question is incriminating when the witness invokes the privilege after each question.[6] While cases have upheld the assertion of the privilege in administrative proceedings, the privilege against self-incrimination has been limited to situations where the threatened penalty is criminal rather than civil in nature.[7] The privilege against self-incrimination does not apply when the risk of criminal liability |4is removed by a grant of immunity or when prosecution *789 and conviction are precluded by the passage of the period of limitations.[8]

Federal Time Limitations on Prosecution

18 U.S.C. § 3282 provides for a five-year time limitation for' non-capital offenses:
Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.
The federal time limitation for prosecution ran on April 24, 2002, which was five years after the last personal telephone call made by Ms. Turner.[9]

Interpretation of La.C.Cr.P. arts. 572 and 573

Several state criminal statutes on theft could possibly apply to Ms. Turner’s situation.[10] However, La.C.Cr.P. art. 572(2) provides that no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within four years after the offense has been committed for a felony not neees-sarily punishable by imprisonment at hard labor.[11] La.C.Cr.P. 573(1) states that the time limitations established by Article 572 shall not commence to run until the relationship or status involved has ceased to exist when the offense charged is based on the misappropriation of any money or thing of value by one who, by virtue of his office, employment, or fiduciary relationship, has been entrusted with it or has control of it.
The rules of statutory construction must be applied in the interpretation of La.C.Cr.P. arts. 572 and 573 to determine whether the four-year time -limitation for instituting prosecution has elapsed. Bunch v. Town of St. Francisville, 446 So.2d 1357 (La.App. 1 Cir.1984). When a law is clear and free from all ambiguity, it must be given effect as written, and no further interpretation may be made in search of the legislature’s intent. La. C.C. arts. 9 and 13; La. R.S. 1:4. It is also presumed that every word, sentence, or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Bunch, 446 So.2d at 1360. It is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question that harmonizes and rec *790 onciles it with other provisions. Id. at 1360.
The four-year time limit for bringing a prosecution for a felony not necessarily punishable by imprisonment at hard labor applies to the prosecution for theft of $500 or more. State v. Aucoin, 457 So.2d 885 (La.App. 3 Cir.1984).[12] The exception of Article 573(1)' requires that the misappropriation involve money or a thing of value with which a defendant is entrusted by virtue of his office, employment, or fiduciary relationship. Id. at 887. It is true that relator was entrusted with usage of a-state cell telephone until she was discharged from her employment as a police lieutenant. However, once she was discharged from her position, the statute’s meaning is clear and unambiguous, dictating the conclusion that relator no longer had a fiduciary relationship, and ceased to be entrusted with control of the equipment when she was terminated. Therefore, the time limitation for prosecution has run under Articles 572(2) and 573(1). It appears from reading La.C.Cr.P. art. 573(1) that the purpose of the article is to ensure that the time limitation on the state’s prosecution does not begin to run until.the offense becomes known, especially when the offender is in a superior position to conceal the offense because of his office, employment, or fiduciary relationship. Holding that the time limitation has run in relator’s situation where she 1 fihas been terminated from her employment and no criminal charges have been filed, is not counter to the statute’s purpose.[13]
Relator cannot claim the privilege against self-incrimination, because the time limitation to institute prosecution under either federal or state law has elapsed. The time limitation started to run when she was terminated from her employment, because she was no longer in a position of control or in a fiduciary relationship. La. C.Cr.P. arts. 572(2) and 573(1).
DECREE
For the foregoing reasons, any time limitation to institute prosecution has run, and relator cannot assert the privilege against self-incrimination concerning these offenses, or any lesser included offenses that are the subject of this writ application. Accordingly, the ruling of the referee is correct, and this writ application is denied.[14] Relator is cast for all costs of this writ.
WRIT DENIED.

. The termination letter alleged that Ms. Turner made eighty-two personal telephone calls to a male friend in South Dakota, and forty personal calls to her daughter in Ruston, Louisiana, without permission at DOTD’s expense. It also alleged that she issued only $21,492 in tickets when the average total by officers for 1996 was $52,220, and she supervised three other officers who allegedly had low productivity.

. The Fifth Amendment of the United States Constitution provides, in pertinent part, that no person "shall be compelled in any criminal case to be a witness against himself.” La. Const, art. I, § 13 states that, when a person has been arrested or detained in connection with the investigation or commission of any offense, he shall be advised fully of the reasons for the arrest or detention, his right to remain silent, his right against self-incrimination, his right to the assistance of counsel and, if indigent, his right to court-appointed counsel. La. R.S. 15:276, concerning criminal procedure, states that no witness can be forced to incriminate himself, but the judge is not bound by the witness' statement that the answer would incriminate him, when from the nature of the question asked and the circumstances of the case, such a statement cannot be true.

. Ms. Turner argues that, in the absence of any language in the 1974 Louisiana Constitution dealing with the privilege in a civil proceeding, that Article I, § 11 of the 1921 Constitution provides guidance, stating that no person shall be compelled to give evidence against himself in a criminal case or "in a proceeding that may subject him to criminal prosecution.” However, see La. Const, of 1974, art. XIV, § 17 in response to this argument.

. See Frank L. Maraist, Evidence and Proof, Louisiana Civil Law Treatise (1999), Vol. 19, § 8.4, p. 121 on the privilege against self-incrimination and Louisiana Livestock Sanitary Board v. Pickett, 323 So.2d 521 (La.App. 3 Cir.1975).

. See McCormick on Evidence, (3d ed.1984), § 356, p. 1020, which discusses the privilege against self-incrimination in administrative proceedings.

. See McCormick on Evidence, (5lh ed.1999), § 120, p. 464, which discusses the limitation of the privilege to protection against criminal liability.

. There is no evidence in the record to show that prosecution was instituted timely under federal law.

. La. R.S. 14:67 states that when the misappropriation or taking amounts to a value of $500 or more, the offender shall be imprisoned, with or without hard labor, for not more than ten years or may be fined not more than $3,000. DOTD also argues that relator could possibly have been prosecuted under La. R.S. 14:68 (unauthorized use of a movable); La. R.S. 14:221 (avoiding payment for telecommunication services); and La. R.S. 14:67.6 (theft of utility service), all of which provide for a penalty of not more than $500 or more than six months, or both.

.La.C.Cr.P. art. 577 provides that the state shall not be required to allege facts showing that the time limitation for prosecution has not expired, but when the issue is raised, the state has the burden of proving the facts necessary to show that the prosecution was timely instituted.

.In Aucoin, the court held that the evidence in that case was insufficient to establish that the defendant was entrusted with the items which were the subject of the theft by virtue of his employment for purposes of determining whether the Article 573 exception to the four-year time limit of Article 572 for instituting prosecution applied. In Aucoin, the sole issue was whether the State bore its burden in a criminal prosecution for theft to prove that the prosecution against the defendant was timely instituted. Although the State suggested that the defendant had the authority to requisition items which were the subject of the theft, it failed to introduce any evidence to show that defendant used this authority to commit the theft with which he was charged.

. No grant of immunity was offered.

. This court’s ruling does not apply to relator's assertion of the privilege against self-incrimination on any matters not relevant to this proceeding.