STATE OF LOUISIANA
v.
ZLATKO L. BRUJIC
No. 2009 KA 0719
Court of Appeals of Louisiana, First Circuit.
October 23, 2009
Not Designated for Publication
WALTER P. REED, District Attorney and KATHRYN LANDRY, Attorneys for State-Appellee
D. BRUCE CAMERON, Attorney for Defendant-Appellant Zlatko L. Brujic
Before: WHIPPLE, HUGHES, and WELCH, JJ.
WELCH, J.
The defendant, Zlatko L. Brujic, was charged by bill of information with one count of obstruction of justice, a violation of La. R.S. 14:130.1(A)(1).[1] The defendant entered a plea of not guilty and proceeded to trial before a jury. The jury determined the defendant was guilty as charged. The trial court sentenced the defendant to a term of forty years at hard labor.[2]
The State subsequently instituted habitual offender proceedings against the defendant seeking to have him adjudicated as a habitual offender. Following a hearing, the trial court adjudicated the defendant as a third felony habitual offender and vacated the previously imposed sentence. The trial court sentenced the defendant to a term of life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence.[3]
The defendant appeals, citing the following as error:
1. The defendant's constitutional right to counsel was violated by failure to appoint counsel for the defendant until July 10, 2008, almost five years after the prosecution had commenced.
2. The trial judge erred in denying the Motion to Quash on the basis of a violation of La. C.Cr.P. art. 578.
3. The trial judge erred in denying the defendant's motion for Stay Order Pending Application for Supervisory Writs.
We affirm the defendant's conviction, habitual offender adjudication, and sentence.

FACTS
On July 4, 2001, Samantha Jaumet was murdered in her home in St. Tammany Parish. The ensuing investigation ultimately identified Dominic Robinson as the murderer.[4] Robinson was an acquaintance of the defendant. During the course of the investigation into the Jaumet homicide, the defendant provided several statements to law enforcement officials during the period from December 2002 until October 2003. In defendant's final taped statement, he admitted that Robinson had contacted him soon after murdering Jaumet, and that he aided Robinson in leaving the vicinity of the crime scene, undetected by the police, and further assisted Robinson in the disposal of bloody clothing. The defendant's final statement to the police was in direct contrast to his initial statements wherein he denied having any contact with Robinson in close proximity to the Jaumet murder.
According to Detective Ralph Sacks, who assisted in the investigation of the Jaumet murder for the St. Tammany Parish Sheriffs Office, the lack of physical evidence against Robinson had initially "crippled" the investigation. Dr. Michael DeFatta, who performed the autopsy on Jaumet and was accepted by the trial court as an expert forensic pathologist, testified that Jaumet was shot from a distance of twelve to forty-three inches. The bullet struck Jaumet behind her left ear and would have caused blood spatter or other DNA evidence to be left on the shooter. According to Dr. DeFatta, the destruction of physical evidence on the shooter would have prevented an opportunity to identify that person.

APPOINTMENT OF COUNSEL
In his first assignment of error, the defendant argues that his constitutional right to counsel was violated by the trial court's failure to formally appoint counsel until July 10, 2008, almost five years after this proceeding commenced. In support of this argument, the defendant states that on November 5, 2003, he appeared before the trial court for arraignment and a plea of not guilty was entered on his behalf by Kevin Linder of the public defender's office. Because the public defender's office represented Robinson at the arraignment, there was a conflict with the representation of the defendant. The defense counsel argues that, although he was appointed to represent defendant in an unrelated burglary case, he was not appointed to represent defendant in the instant case until July 10, 2008.
This issue was addressed at a hearing conducted on July 10, 2008. The defense counsel argued that he had only been formally appointed as counsel for the defendant in docket number 361977 (the burglary case) and had not been acting as the defendant's counsel in docket number 371947 (the obstruction case).
The prosecutor contended that on February 6, 2004, open file discovery was turned over and the State, in turn, requested discovery from the defendant in the obstruction case. On March 29, 2005, trial notice was sent to Mr. Cameron as attorney of record in both the obstruction and burglary cases, noting that trial was set for November 14, 2005, and motions were set for November 2, 2005. The prosecutor also noted that Mr. Cameron received trial notices for the obstruction case from 2005 until July 2008.
The trial court made a finding that Mr. Cameron was, in fact, the defendant's attorney of record for the obstruction charge. The trial court stated that it was the consistent practice in cases involving conflict of counsel for cases normally handled by the public defender's office to appoint that counsel to any and all subsequent charges that the defendant might be charged with following the initial appointment. The trial court further noted that Mr. Cameron had been sent notices in the obstruction case on numerous occasions and had never previously raised the issue that he did not represent the defendant.
We further note that the minute entries in the record reflect appearances by Mr. Cameron under the obstruction case docket number beginning on January 22, 2004. Although in his brief the defendant asserts that the minute entries are incorrect, we are mindful of the jurisprudence that holds that formal minutes of a court of record are presumed correct in the absence of positive proof to the contrary. Larsen v. Larsen, 583 So.2d 854, 855 n.1 (La. App. 1st Cir.), writ denied, 590 So.2d 63 (La. 1991). The defendant has not provided any proof disputing the accuracy of the minute entries reflecting that Mr. Cameron was his counsel in the present case.
This assignment of error is without merit.

DENIAL OF MOTION TO QUASH
In his second assignment of error, the defendant argues that the trial court erred in denying his motion to quash the bill of information due to an alleged violation of La. C.Cr.P. art. 578. In support of this argument, the defendant points to the fact that prosecution of this case was instituted on October 28, 2003, and the trial commenced over five years later, on November 17, 2008.
The defendant argues that he had been incarcerated during the entire fiveyear period, and there were no motions or preliminary matters filed by a defense counsel. The defense counsel reiterates his prior argument that he was not appointed to represent the defendant prior to July 10, 2008. However, that argument has already been rejected by this court.
The applicable portion of La. C.Cr.P. art. 578 provides:
A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
....
(2) In other felony cases after two years from the date of institution of the prosecution[.]
Louisiana Code of Criminal Procedure article 580 provides:
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
The right to a speedy trial attaches from the time the defendant becomes an accused by arrest or actual restraint or by formal bill of information or indictment. The time limitation is suspended whenever the defendant files a preliminary plea or motion to quash until the court rules on these matters. In no instance, however, shall the State have less than one year after the court's ruling to commence trial. La. C.Cr.P. art. 580; State v. Booker, 444 So.2d 238, 240 (La. App. 1st Cir. 1983), writ denied, 446 So.2d 1227 (La. 1984). It has been determined that a motion to continue filed by a defendant is a preliminary plea under La. C.Cr.P. art. 580 that suspends the running of time limitations established by La. C.Cr.P. art. 578. See State v. Marshall, 99-2884, p. 4 (La. App. 1st Cir. 11/8/00), 808 So.2d 376, 379.
After reviewing the record in this case, we find that the trial court properly denied the defendant's motion to quash. The record reflects that prosecution was instituted by bill of information on October 28, 2003; thus, the State initially had until October 28, 2005, to commence trial in this matter. However, the minute entry of February 24, 2005, indicates that the trial court granted a joint motion to continue. Joint motions to continue constitute preliminary pleas for purposes of article 580. See State v. Fish, XXXX-XXXX, p. 3 (La. 4/17/06), 926 So.2d 493, 495 (per curiam); State v. Simpson, 506 So.2d 837, 838 (La. App. 1st Cir.), writ denied, 512 So.2d 433 (La. 1987). Thus, the State had until February 24, 2006, to commence trial.
The minute entries further reflect that the defendant obtained continuances on November 2, 2005 (extending the deadline to commence trial until November 2, 2006); June 1, 2006 (extending the deadline to commence trial until June 1, 2007); January 8, 2007 (extending the deadline to commence trial until January 8, 2008); May 8, 2007 (extending the deadline to commence trial until May 8, 2008); May 21, 2007 (extending the deadline to commence trial until May 21, 2008); August 24, 2007 (extending the deadline to commence trial until August 24, 2008); January 7, 2008 (extending the deadline to commence trial until January 7, 2009); March 31, 2008 (extending the deadline to commence trial until March 31, 2009; and April 28, 2008 (extending the deadline to commence trial until April 28, 2009). Trial was commenced in this matter on November 17, 2008, prior to the expiration of the prescriptive period resulting from the defendant's actions in obtaining continuances.
The defendant argues that there is a discrepancy between the minute entries and transcripts that contradicts the accuracy of the minute entries. We disagree. There are several reporter's certificates indicating that on certain dates there were no proceedings in this matter from which a transcript could be prepared.[5] However, the absence of anything put on the record to be transcribed does not contradict the accuracy of the minute entries. Thus, under these circumstances, we cannot say that there is a discrepancy between the minute entries and the transcripts.
Next, the defendant argues that there are no written motions for a continuance contained in the record, a violation of La. C.Cr.P. art. 707. We note that the requirement that a continuance be in writing can be waived under extenuating circumstances. For this reason, the second, third, and fifth circuits have held that an oral motion for continuance suspends the limitations period. State v. Lathan, 41,855, p. 6 (La. App. 2nd Cir. 2/28/07), 953 So.2d 890, 895, writ denied, XXXX-XXXX (La. 3/28/08), 978 So.2d 297; State v. Fanguy, 94-143, p. 4 (La. App. 3rd Cir. 10/5/94), 643 So.2d 860, 864, writ denied, 94-2726 (La. 4/21/95), 653 So.2d 563; State v. Watts, 99-57, p. 4 (La. App. 5th Cir. 5/19/99), 738 So.2d 628, 630. We agree.
We also agree with the reasoning of the Second Circuit, in that to allow a defendant to delay a trial with oral motions for continuance, but penalize the State for not commencing trial within two years because the defendant failed to make those motions in writing, would only give the defendant the benefit of his own failure to comply with the rules. See State v. Lathan, 41,855 at p. 6, 953 So.2d at 895.
This assignment of error is without merit.

DENIAL OF STAY REQUEST
In his final assignment of error, the defendant argues that the trial court erred in denying his Motion for a Stay Order Pending Application for Supervisory Writs following the denial of his Motion to Quash on the Basis of Violation of Louisiana Code of Criminal Procedure Article 578.
The defendant states that the trial court denied the motion to quash on November 6, 2008, and that trial was scheduled to commence on November 17, 2008. The defendant claims that the denial of a stay order was prejudicial because he did not have an opportunity to file any pretrial motions or other preliminary matters. Moreover, the defendant claims, the State had not provided discovery to the defense.
When an application for writs is sought, further proceedings may be stayed at the trial court's discretion. Uniform Rules  Louisiana Courts of Appeal, Rule 4-4(A). In the present case, the record reflects that Mr. Cameron had been appearing as the defense counsel since January 22, 2004. The record further indicates that the State provided notice of open file discovery in this matter on January 29, 2004. Under these circumstances, we cannot say that the trial court abused its discretion in denying the defendant's motion for a stay order to seek supervisory writs. Finally, we note that there is no evidence that the defendant filed a writ with this court, wherein he could have requested a stay order be issued from this court.
This assignment of error is without merit.

CONCLUSION
For the foregoing reasons, we affirm the defendant's conviction, habitual offender adjudication, and sentence.
CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.
NOTES
[1] Sarah Faison was charged as a co-defendant in the same bill of information; however, the charge against Faison was severed and the defendant was tried alone.
[2] The applicable penalty provision is found in La. R.S. 14:130.1(B)(1).
[3] The trial court sentenced the defendant in accordance with La. R.S. 15:529.1(A)(b)(ii). At the multiple offender hearing, the State introduced evidence that defendant had prior convictions of two separate assaults by drive-by shootings, which have been defined as a crime of violence in La. R.S. 14:2(B)(26).
[4] Robinson was arrested in August 2001 in Terrebonne Parish for his role in a carjacking unrelated to the Jaumet murder. Robinson was eventually convicted of the Jaumet murder.
[5] These notations correspond to proceedings of January 22, 2004; October 8, 2004; November 2, 2005; June 1, 2006; May 8, 2007; and August 24, 2007. We note that the transcript of March 31, 2007 clearly reflects a continuance was granted at the request of the defense counsel.