MAX N. TOBIAS, JR., Judge.
pOn 30 September 2010, the state charged the defendant, Gentry R. Major, by bill of information with one count of theft in the amount of $500.00 or more, a violation of La. R.S. 14:67 A. The bill states that the alleged crime occurred between 1 August and 31 December 2006. Arraignment was initially set for 18 October 2010, but after the case was re-allotted to Section “J” of the court that day, the arraignment was reset for 29 October 2010. On that date, Mr. Major appeared in court and entered a plea of not guilty. On 13 December 2011, a bench trial commenced, during which defense counsel made an oral motion to quash the bill of information pursuant to La.C.Cr.P. art. 572 A(2). The trial court granted the quashal. The state sought appellate review by a writ application.
We granted the state’s writ application and held that the trial court erred in granting the defendant’s oral motion to quash because a motion to quash must be in -writing as required by La. C.Cr.P. art. 536. See, State v. Major, 12-0407 (La. App. 4 Cir. 1/16/13), 108 So.3d 288. The state also argued in part that the trial court did not allow it an opportunity to further prove that the prosecution was timely instituted. Because the motion to quash was made orally, we pretermitted discussing that second argument.
*176 |9After the trial court’s decision was reversed and remanded, on 25 April 2013, Mr. Major filed a written motion to quash the bill of information pursuant to La. C.Cr.P. art. 572. A hearing was set for 17 May 2013. On that date, the state filed a written response to the defendant’s motion to quash. After taking the matter under advisement for further review, the trial court granted the defendant’s motion, dismissing the charge against Mr. Major. This timely appeal by the state followed.
I.
The facts of this case have not been fully developed. However, the testimony from the partial 13 December 2011 hearing reveals that Mr. Major entered into a contract with the victim, Cheryl Wright, on 14 August 2006 to make various repairs to the victim’s residence. Ms. Wright testified that on 14 August 2006, she issued a check for $9,000.00 to the defendant as an initial installment of a $67,000.00 contract to perform construction work on her property damaged in Hurricane Katrina. The assistant district attorney orally asserted, prior to receipt of any testimony, that minimal work was thereafter performed by Mr. Major after he received the initial check. Ms. Wright’s testimony was never completed because defense counsel orally moved to quash the bill on that issue, and the trial court granted the motion in the middle of her testimony. At the very least, it is apparent that at some point on or after 14 August 2014, the defendant failed to return to the victim’s residence to complete the contracted-for work.
II.
The state instituted proceedings against Mr. Major on 30 September 2010, charging him with one count of theft. At the time of the alleged crime, La. R.S. 14:67 provided in pertinent part:
|SA. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
[[Image here]]
B. (1) Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both[1]
In his written motion to quash, Mr. Major asserted that La.C.Cr.P. art. “532”[2] required the state to institute prosecution against him within four years of the alleged crime; this, he asserted they failed to do.
III.
In its sole assignment of error, the state contends that the trial court abused its discretion in granting the defendant’s motion, asserting (1) Mr. Major was barred from filing a second motion to quash based on prescription pursuant to La.C.Cr.P. art. 577; (2) it was not afforded a full opportunity to respond to the defendant’s motion; and (3) it timely instituted prosecution against Mr. Major.
*177 A.
La.C.Cr.P. art. 532 states that a motion to quash is a proper procedural vehicle for challenging the state’s untimely institution of prosecution of a defendant. When a trial court grants a motion to quash, it is reviewed by an appellate court utilizing an abuse of discretion standard and is not disturbed absent |4a finding of abuse.[3] State v. Ramirez, 07-0652, p. 4 (La.1/9/08), 976 So.2d 204, 207, citing State v. Love, 00-3347, pp. 9-10 (La.5/23/07), 847 So.2d 1198, 1206. “When a defendant has brought an apparently meritorious motion to quash based on prescription, the state bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled.” State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286.
B.
First, the state argues that Mr. Major has urged his motion to quash more than once, and that he was barred from doing so more than once pursuant to La.C.Cr.P. art. 577.[4] The state emphasizes that the issue of prescription may be raised only once, and argues Mr. Major is actually urging the motion to quash more than once (orally and subsequently in writing).
The transcript of 13 December 2011 shows that Mr. Major orally “urged” the motion to quash prior to the commencement of trial and again during trial. The trial court initially denied his pre-trial oral motion, but granted his oral motion to quash raised during trial. The state successfully sought supervisory review of the 1 ¡¿rial court’s ruling as noted above, relying upon La.C.Cr.P. art. 536.[5] See Major, supra. Following our decision, the defendant filed a written motion to quash on 25 April 2013.
 Because the law requires that a motion to quash be in writing, the state’s argument that Mr. Major was barred from raising the issue of prescription more than once is incorrect in the context of this case. The untimely institution of prosecution must be raised in a written motion to quash and a defendant’s orally raising the issue of prescription in open court does not prohibit him from raising that issue again by filing a written motion to quash; that is, the oral motion is equivalent to no motion at all and is treated as if never made. State v. Carter, 11-0859, p. 2 (La. App. 4 Cir. 3/21/12), 88 So.3d 1181, 1182. We conclude, therefore, that Mr. Major was not barred from filing a written motion to quash the bill of information based on untimely prosecution pursuant to Arti *178 cle 577. The trial court did not abuse its discretion in granting the motion to quash on this ground.
C.
We discuss the remaining arguments of the state as one. First, the state argues that it was not afforded a “full” opportunity to respond to Mr. Major’s motion, because it bears the heavy “burden of proving facts necessary to show that the prosecution was timely instituted,” and thus must be afforded an opportunity to fully respond to the motion to quash. See La.C.Cr.P. art. 577. It argues that it was not afforded such an opportunity because, on 13 December 2011, the trial court did | finot allow it to introduce additional testimony concerning the timeliness of the institution of the prosecution. Similarly, the state argues that at the hearing on the defendant’s written motion to quash held on 17 May 2013, it requested an evi-dentiary hearing, but one was never held, and the trial court ultimately granted the defendant’s motion. Then the state asserts that an exception to the time limitation in which it was required to institute prosecution against a defendant is applicable in this case because a fiduciary relationship existed between Mr. Major, as a contractor, and the victim, as his client.
The state filed a written response to the defendant’s motion on 17 May 2013, the morning of the hearing, and the response contains documentation that it argues supports its position. The documentation consists of the Orleans Parish District Attorney’s “Contractors Fraud Complaint Package (“CFCP”),” wherein Ms. Wright answered a series of questions about her dealings with Mr. Major, listed her evidence, and signed same on 30 August 2009. The CFCP, however, was not introduced in evidence at the hearing. During the hearing, the trial judge acknowledged that the state had (a) responded to the defendant’s motion and (b) briefed its position therein. Additionally, the judge indicated that while he would not agree to schedule an evidentiary hearing as requested by the state, he indicated that he would give the state the “benefit” of reviewing the matter to determine whether an actual hearing would be required. At the 17 May 2013 hearing, defense counsel also referenced testimony at the 13 December 2011 hearing, supporting his assertion that the theft occurred more than four years before the bill of information was filed. The trial court took the matter under advisement and granted Mr. Major’s motion on 23 May 2013.
|7In its brief to this court, the state cites language from State v. Watts, 99-57 (La. App. 5 Cir. 5/19/99), 738 So.2d 628, wherein the court reasoned that because of the state’s heavy burden in showing that prescription was interrupted or suspended, it should be given time to respond and satisfy its burden. Id., p. 3, 738 So.2d at 629. Although the court in Watts agreed with the state that it should be given time to respond to satisfy its burden, we note the court did not note that the state should be given a “full” opportunity.
The CFCP attached to the state’s written response’s shows the following time-line: The victim entered into a construction contract with Mr. Major on 14 August 2006. An initial installment payment of $9,000.00 was made by the victim to Mr. Major on 30 August 2006.[6] The victim entered into another construction contract with a Mr. Harvey Williams on 11 June *179 2007 who received a $17,500.00 first installment that day and subsequent installment payments thereafter. Such raises the questions of when the victim knew or should have known that a theft had occurred.
The Supreme Court analyzed a motion to quash in State v. Byrd, 96-2302, pp. 18-19 (La.3/13/98), 708 So.2d 401, 411. The Court reasoned:
In considering a motion to quash, a court must accept as true the facts contained in the bills of information and in the bill of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged; while evidence may be adduced, such may not include a defense on the merits. State v. Gerstenberger, 260 La. 145, 255 So.2d 720 (1971); State v. Masino, 214 La. 744, 750, 38 So.2d 622 (1949)(“the fact that defendants may have a good defense is not sufficient grounds to quash the indictment”).
In State v. Brumfield, 11-1599 (La. App. 4 Cir. 11/29/12), 104 So.3d 701, writ denied, 12-2764 (La.5/31/13), 118 So.3d 389, in discussing the time limitation of Article 572, we stated:
We do not find that this article applies under the facts of this case. Brumfield is a contractor who entered into an agreement with the complainants to repair the premises after Hurricane Katrina, but did not complete the work. First, this relationship between the defendant and the complainants is not a fiduciary relationship, which terminated when Brumfield no longer worked for them as a contractor. We understand, in context, that a fiduciary relationship exists when a person, an individual, exercises any discretionary authority or discretionary control with respect to the management of funds or assets. See, e.g., La. R.S. 11:264. Further, under article 573, the date that the statutory period starts to run is not the date that the money is tendered, but rather the date that a fiduciary relationship terminated. See State v. Comadore, 07-0976, pp. 4-5 (La.App. 4 Cir. 5/14/08), 984 So.2d 203, 205-06 (where the time limitation ran from the date that the defendant employee no longer worked for Greyhound, the company she allegedly defrauded by creating bogus tickets); Turner v. Department of Transp. and Development, 01-2426 (La.App. 1 Cir. 6/21/02), 822 So.2d 786 (where the time limitation for the theft statute began to run when the defendant employee, who made personal calls on her work phone, was terminated). See also State v. Aucoin, 457 So.2d 885, 886 (La.App. 3rd Cir.1984) (where the state did not prove that the defendant, who was a maintenance clerk in a school district charged with theft, used his position to requisition light fixtures for his own use or that the exception in La.C.Cr.P. art. 573(1) applied in that case where the bill of information was filed seven years later). The relationships in these three cases are distinguishable from the relationship in the case before us.
However, assuming arguendo, if the exception of La.C.Cr.P. art. 573 applies, the four-year time period started to run when the misappropriation or taking occurred. In State v. Langford, 483 So.2d 979, 983 (La.1986), the Court was faced with the defendant’s argument that the taking was consensual by the victim bank. The defendant opened a NOW (negotiable order of | ¡[Withdrawal) account and made a deposit. When the money was gone, he continued to write and cash checks and receive NSF notices due to the bank’s mistakes. In its discussion, the Court stated that the taking occurred after the NSF checks *180 ($848,000) were honored and the money was in the defendant’s possession, ie., when defendant diverted or used the funds instead of returning them. Id. at 983. “A theft occurs when the thing is taken even though it may remain in the possession of the thief for only seconds.” State v. Victor, 368 So.2d 711, 712-13 (La.1979), quoting State v. Neal, 275 So.2d 765, 770 (La.1973). The essence of theft is that the thief must have acquired control of the property. Id. The factual issue of whether there is a “taking” for purposes of a theft concerns whether the defendant exerted control over the object adverse to the owner’s dominion. Id., 368 So.2d at 714.
Id., pp. 13-15, 104 So.3d at 709-710 (footnote omitted).
We went on to note:
Among the many things we do not know is when Taylor and/or Walker knew or should have reasonably known that a theft had occurred. If they knew or should have known that Brumfield had completed a criminal act on or before 24 August 2006, then the new bill of information is prescribed. We do not know what kind of communications Brumfield, Taylor, and Walker had during the period of 3 April 2006 and 26 September 2006. Certainly, the complainants knew something was amiss well before 26 September 2006. And the supplemental unnumbered exhibits indicate that the complainants had incurred expenses of $7,000 for work on the premises on 30 May 2006, more expenses in early August 2006, and additional expenses in the first half of September 2006.
We note the slippery slope this case creates should we embrace the 26 September 2006 letter as the starting point of the four-year prescriptive period. That is, if Brumfield received and did not respond to the September 2006 letter, could Taylor and Walker have written another letter in 2008 demanding reimbursement, thereby allowing the state to say that the four years commenced in 2008, not on the earlier date? On the motion to quash, the state had the burden of proof, yet failed to call Taylor or Walker, or both, for they were essential witnesses to testify as to the date they believed that they were theft Imvictims, especially given the long delay between the September 2006 letter and the date that the state first filed a bill of information.
Id., p. 21, 104 So.3d at 713-714.
In like manner as in Brumfield, the record is devoid of evidence when Ms. Wright knew or should have known after delivery of the initial installment payment that Mr. Major had committed a theft. It is certainly reasonable that a person would not suspect a theft until the contractor had not returned to perform work after a reasonable period of time; such will vary from case-to-ease.[7] If, as the assistant district attorney articulated at the 13 December 2011 hearing, some work was performed by Mr. Major after the check was given him, a genuine and serious issue of fact is when and how much of that work was *181 performed and whether a reasonable person would suspect the theft prior to 1 October 2006 (four years prior to the date that the bill of information was filed.)
This court also addressed the issue of whether the state met its burden of proving a fiduciary duty existed between a defendant and a victim in State v. Reyer, 13-0135 (La.App. 4 Cir. 11/20/13), 129 So.3d 752.[8] In Reyer, the accused was an employee of a Minnesota company doing business in Louisiana following Hurricane Katrina and was charged by bill of information with theft in the amount of $1,500.00 or more. He filed a motion to quash the bill of information asserting | nth at the state had untimely instituted the prosecution against him pursuant to La. C.Cr.P. art. 572 A. The trial court granted his motion.
Specifically, on or about 10 June 2007, Reyer entered into a contract with the victim to perform restoration and repairs to the victim’s residence. In his motion to quash, Mr. Reyer argued that the repair work ended on 10 July 2007 when he notified the victim that he did not intend to return and complete the repairs. The state argued that the time limitation did not commence until 7 August 2007, the date the fiduciary relationship ended between the defendant and the victim pursuant to La.C.Cr.P. art. 573; thus, because the bill of information was filed on 18 July 2011, prosecution was timely instituted. At the hearing on the motion to quash, the state failed to present any arguments or evidence to support that “the crime or any element thereof occurred on a date after 18 July 2007.”
In affirming the trial court, we reasoned:
We find that the state failed to meet its burden of proof at either the 6 or 23 January 2012 hearings on the motion to quash, offering no evidence whatsoever as to the last date that either Thunder [the defendant’s employer] or Mr. Reyer worked for Ms. Ryan [the victim] or when she knew or should have known that a crime had been committed. That is, no evidence has been presented in this case when it had to be presented (the hearing on the accused’s motion to quash) that the crime of theft or any element thereof was committed on or after 18 July 2007.
Id., 13-0135 at pp. 11-12, 129 So.3d at 759.
The applicable time limitation is four years pursuant to La. C.Cr.P. art. 572 A(2) which states:
Except as provided in Articles 571 and 571.1, no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has been committed: | i2four years, for a felony not necessarily punishable by imprisonment at hard labor.
The state relies upon La.C.Cr.P. art. 573 which provides in pertinent part:
The time limitations established by Article 572 shall not commence to run as to the following offenses until the relationship or status involved has ceased to exist when:
(1) The offense charged is based on the misappropriation of any money or thing of value by one who, by virtue of his office, employment, or fiduciary relationship, has been entrusted therewith or has control thereof.
The state contends that a fiduciary relationship existed between Mr. Major and *182 the victim between 1 August 2006 and 30 August 2009, the latter date being when the victim filed a complaint with the district attorney’s office. The state argues that it timely instituted the prosecution against the defendant when it filed the bill of information on 30 September 2010, which was well within four years from the date the fiduciary relationship ended. However, the state presents no evidence that such a relationship ended 30 August 2009 and from the record it appears that they were not offered the opportunity to do so. The trial court was aware of the evidence adduced at the 13 December 2011 trial on the issue of when the theft occurred. Alternatively, the state asserts that the alleged theft occurred between 1 August 2006 and 31 December 2006, which is expressly stated in the bill of information.
In the case at bar, the bill of information dated 30 September 2010 indicates that the alleged theft occurred between 1 August 2006 and 31 December 2006. The trial transcript of 13 December 2011 demonstrates that the trial court was concerned with the intent element of theft, i.e., at what time did the defendant intend to permanently deprive the victim of the money allegedly taken. At trial, bathe state argued that the defendant did not intend to permanently deprive the victim of the money until he refused to do any more work: 31 December 2006. The defendant asserted that the single act of theft occurred on 14 August 2006, the date the defendant received the check from the victim. For that reason, the defendant argued that in order for the state to have timely instituted the prosecution against the defendant, the bill of information must have been filed on or before 14 August 2010.
Considering the record before us and the precise posture of this case, we find that the trial court abused its discretion by granting the defendant’s motion to quash in its judgment of 23 May 2013 without affording the state with an adequate evidentiary hearing to determine when Ms. Wright knew or should have known that a theft occurred.
IV.
Accordingly, the trial court’s ruling granting the defendant’s motion to quash is reversed. This matter is remanded to the trial court for an evidentiary hearing of, inter alia, (1) when the first installment of $9,000.00 was paid by Ms. Wright to Mr. Major; (2) when and what work was performed by Mr. Major on Ms. Wright’s property before or after issuance of the first installment check; (3) after Ms. Wright paid Mr. Major the first installment, (a) when, how often, and about what Mr. Major and Ms. Wright communicated and (b) when and how often Ms. Wright unsuccessfully attempted to contact or speak with Mr. Major about the work; (4) thereafter to ascertain whether she knew or should have known prior to 1 October 2006 that Mr. Major had committed the crime of theft; and (5) otherwise | ^proceed and receive evidence in accordance with such matters as expressed in this opinion.
REVERSED AND REMANDED.

. The $500.00 threshold has since been increased to $1,500.00 by 2010 La. Acts No. 585.

. Obviously, the defendant meant La.C.Cr.P. art. 572.

. Although the jurisprudence indicates that the standard of view is a trial court's abuse of discretion, when a quashal is granted by the trial court based upon the untimely institution of the prosecution, a reviewing court must carefully scrutinize the facts so that both the state and the accused have a fair opportunity to present their evidence in support of and opposed to the motion. See and cf., La. C.Cr.P. art. 576.

. La.C.Cr. P. art. 577 states:
The issue that a prosecution was not timely instituted may be raised at any time, but only once, and shall be tried by the court alone. If raised during the trial, a hearing thereon may be deferred until the end of the trial.
The state shall not be required to allege facts showing that the time limitation has not expired, but when the issue is raised, the state has the burden of proving the facts necessary to show that the prosecution was timely instituted.

.La.C.Cr.P. art. 536 states that "[a] motion to quash shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court. It shall specify distinctly the grounds on which it is based. The court shall hear no objection based on grounds not stated in the motion.”

. We note that the date that the CFCP lists as the date of the first installment paid to Mr. Major is 30 August 2006, not 14 August 2006 as testified to Ms. Wright at the 13 December 2011 hearing.

. As stated in Turner v. Department of Transp. and Development, 01-2426, p. 5 (La.App. 1 Cir. 6/21/02), 822 So.2d 786, 790:
It appears from reading La.C.Cr.P. art. 573(1) that the purpose of the article is to ensure that the time limitation of the state’s prosecution does not begin to run until the offense becomes known, especially when the offender is in a superior position to conceal the offense because of his office, employment, or fiduciary relationship. [Emphasis supplied.]
See also State v. Severin, 12-0205, p. 4, unpub. (La.App. 4 Cir. 10/17/12), 2012 WL 6619009, 103 So.3d 746 (Table).

. As of the date that this court rendered its decision herein, a writ application was pending before the Louisiana Supreme Court, and thus the decision was not final.