DENNIS, Justice.
Defendant prosecutes this appeal from his conviction of armed robbery, a violation of La.R.S. 14:64. He urges reversal of his conviction and sentence of eighteen years at hard labor on the basis of four assignments of error.
ASSIGNMENT OF ERROR NO. 1
Defendant first assigns as error the refusal of the trial court to grant his motion to quash the indictment on the basis that the jury venire did not contain an adequate representation of women. We do not reach the merits of defendant’s argument because the trial court properly refused the motion on the ground that it was neither timely filed nor in the proper form. La.Code of Criminal Procedure article 535 provides in pertinent part:
(t * ‡ *
“A motion to quash shall be filed at least three judicial days before commencement of trial, and may be filed with permission of the court at any time before commencement of trial, when based on any of the following grounds:
(( * * *
“The general venire or the petit jury venire was improperly drawn, selected, or constituted;
" * * * D
La.Code of Criminal Procedure article 536 provides:
“A motion to quash shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court. It shall specify distinctly the grounds on which it is based. The court shall hear no objection based on grounds not stated in the motion.”
In his per curiam to this assignment, the trial judge stated that the motion to quash was not filed three judicial days before trial, but after the selection of jurors and immediately before evidence was taken. Moreover, the motion was made orally and was not filed in written form until eleven days after the trial.
We have previously held that the trial court does not abuse its discretion by refusing a motion to quash because it is not in writing or has not been timely filed. See, e. g., State v. Robinson, 261 La. 1029, 261 So.2d 654 (1972); State v. Lewis, 255 La. 623, 232 So.2d 294 (1970).
Assignment of Error No. 1 has no merit.
ASSIGNMENTS OF ERROR NOS. 2, 3 and 4
These assignments of error were submitted without written or oral argument. In his brief the appellant merely states that the trial court denied his motion to suppress after hearing testimony thereon. No discussion or reasons for complaining of the judge’s ruling were presented. Therefore, we consider these assignments to have been abandoned because of appellant’s failure to brief or argue them. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
•For the reasons assigned, defendant’s conviction and sentence are affirmed.