35 So.3d 422 (2010)
STATE of Louisiana
v.
Glenn JOSEPH.
No. 2009-KA-1169.
Court of Appeal of Louisiana, Fourth Circuit.
March 24, 2010.
*423 Leon A. Cannizzaro, Jr., District Attorney of Orleans Parish, Nisha Sandhu, Assistant District Attorney of Orleans Parish, New Orleans, Louisiana, for Appellant.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, Louisiana, for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, Judge PAUL A. BONIN).
JAMES F. McKAY III, Judge.
The State of Louisiana appeals the April 4, 2009 district court judgment granting the defendant, Glenn Joseph's motion to quash count two of the bill of information.
Based on the deficiencies and inconsistencies found in the record before this Court, we vacate the judgment and the defendant's pleas of guilty and remand the matter to the district court.

STATEMENT OF CASE
Glenn Joseph, the defendant, was charged by bill of information on March 27, 2009 in case number 484-680 with one count each of distribution of cocaine and possession with intent to distribute cocaine. He was arraigned on April 2, 2009, and as per district court rules the matter was transferred on that same day to Section D of the Orleans Parish Criminal Court to follow case number 479-937. On April 7, 2007, the appellee appeared before the district court with counsel. The record before this Court contains a copy of the minute entry generated on April 7, 2009, which indicates that the defendant pled guilty to count one to La. R.S. 40:967(B)(1), as charged. After waiving all delays he was sentenced to serve two years with the Department of Corrections with credit for time served, concurrent with case number 479-937. The defense then filed an oral motion to quash count two only, which the court granted. The state objected and gave oral notice of its intent to seek relief.
The facts of this case are not germane to this appeal.

DISCUSSION
This Court takes judicial notice that the record before us is seriously defective and deficient. The transcript appears to be incomplete. The Plea of Guilty *424 form dated April 7, 2009, does not accurately reflect the information in the minute entry for the date of April 4, 2009. The April 4, 2009 minute entry states "AS TO COUNT 1, RS 40:967(B)(1) A40D DISTRIBUTION CRACK, GUILTY AS CHARGED." The WAIVER OF CONSTITUTIONAL RIGHTS PLEA OF GUILTY FORM shows that Glenn Joseph pled guilty to the crime of distribution of cocaine and possession with intent to distribute cocaine. The original bill of information dated March 24, 2009, charged Glenn Joseph with two counts. Count 1 charged that the defendant DID WILLFULLY AND UNLAWFULLY DISTRIBUTE A CONTROLLED DANGEROUS SUBSTANCE TO WIT: COCAINE. Count 2 charged that the defendant DID WILLFULLY AND UNLAWFULLY POSSESS WITH INTENT TO DISTRIBUTE A CONTROLLED DANGEROUS SUBSTANCE, TO WIT; COCAINE. There is confusion here that is irreparable on appeal.
Furthermore, the minute entry indicates that Glenn Joseph, in case number 484-680, pled guilty and notes what appears to be a Boykin colloquy but on a closer inspection of the transcript no Boykin colloquy was found. There is another minute entry dated April 17, 2009, which indicates that "the court took notice that the minute entry from 04-07-2009 is incorrect" in that it failed to note that the State took notice of intent to seek an appeal on 04-07-2009.
Further, there is the issue presented by the State in this appeal concerning the district court's judgment quashing Count 2 of the March 24, 2009 bill of information.
The court ruled as follows:
Based upon the police report and based upon information I have, I feel that in this bill of information charging him with distribution and possession with intent, that it is all within the res gestate of the same crime. So, therefore I think that it is duplicitous, and I think that he can charged with one of these crimes, but it is part and parcel of the elements of the crime. They found the stash he sold. So I am granting the motion to quash. You have a right to take an appeal.
La.C.Cr.P. art. 536 states that a motion to quash "shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court." Oral motions to quash are properly not considered. State v. Moore, 93-1632, (La.App. 3rd Cir.5/4/94) 640 So.2d 561; State v. Fryer, 96-2745 (La.App. 4 Cir. 2/19/97), 691 So.2d 712.
In the matter of State v. Mathias, (unpub)99-2735 (La.App. 4 Cir. 11/15/00), 775 So.2d 717, Mathias was charged by bill of information on September 1, 1997, with possession of cocaine, a violation of La. R.S. 40:967(C). After that case was nolle prosequied, the State reinstated the charges on May 18, 1999. On July 12, 1999, the trial court granted the oral motion to quash on condition that the motion be supplemented in writing within seven days. There was no evidence that the record was so supplemented. In its unpublished opinion, this Court ruled:
We find merit in the State's assignment of error contending that the motion to quash was erroneously granted. La. C.Cr.P. art. 536 provides in pertinent part that "[a] motion to quash shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court." La. C.Cr.P. art. 536. Because an oral motion to quash does not comply with the provisions of article 536, it cannot be considered by the court. See State v. Francis, 345 So.2d 1120, 1124(La.), cert. *425 denied, 434 U.S. 891, 98 S.Ct. 267, 54 L.Ed.2d 177 (1977); see also State v. Shezbie, 332 So.2d 243, 244 (La.1976) (noting that "the trial court does not abuse its discretion by refusing a motion to quash because it is not in writing").
Mathias, at p. 1.
The record reveals that no written motion to quash was ever filed. Without a written motion to quash being presented to the district court, based on the above jurisprudence the trial court erred by quashing count two. More than the lack of a written motion to quash, by the very language of the Waiver of Constitutional Rights/Plea of Guilty Form, the defendant appears to have pled guilty as charged to both Count 1 and Count 2 as evidenced by the hand written notation on the form before this Court. If indeed, the appellee pled guilty to both counts, there would have been no need to quash Count 2. Hence, the record presents an inherent inconsistency that serves neither the State nor the defendant.
The record before this Court is replete with inconsistencies and deficiencies. The lack of a full Boykin colloquy and the inconsistency presented by the purported quashing of a count to which the appellee may have pled guilty makes it impossible for this Court to justiciable rule on the matter. Therefore, based on the principals of fundamental fairness and judicial economy, we vacate the defendant's pleas of guilty. We also vacate the district's court's judgment quashing of Count 2 of the bill of information. We remand the matter in its entirety to the district court for further proceedings consistent with this opinion.
JUDGMENT VACATED; REMANDED
JONES, J., Concurs.
I respectfully concur in the opinion of the majority.