JOAN BERNARD ARMSTRONG, Chief Judge.
hThe appellant, the State of Louisiana appeals a judgment of the trial court quashing the indictment of the defendant-appellee, Larry Dixon, and dismissing its prosecution of Dixon.
At the outset we must first note that the defendant in his brief on appeal concedes that, “The State’s arguments on appeal are technically correct,” and that, “For the reasons given by the State in its opening brief, it appears that the district court erred in dismissing the prosecution by way of a motion to quash.... ”
STATEMENT OF CASE
The State charged the defendant by bill of information with one count of unauthorized use of a motor vehicle, in violation of La. R.S. 14:68.4.
When the defendant failed to appear for his arraignment on August 19, 2009, the court issued a warrant for his arrest. He was arrested on June 22, 2010, and arraigned on June 29, 2010, entering a plea of not guilty.
On August 4, 2010, the court quashed the bill of information. The State entered an oral motion for appeal, which was granted.
| .STATEMENT OF FACTS
On March 11, 2009, the trial court issued an arrest warrant for the defendant. The supporting affidavit given by the victim, lists her name as “Ms. Latonya Gray” and states that the defendant, her ex-husband, failed to return her car to her, as they had agreed he would when he took the vehicle.
The defendant was arrested on April 24, 2009.
On August 4, 2010, the State amended the bill of information to the lesser offense of unauthorized use of a movable, in violation of La. R.S. 14:68. At that time, the defendant was prepared to plead guilty; however, after the Boykin waiver-of-rights colloquy, it appeared that the victim was the defendant’s wife. The judge called a bench conference, after which he questioned the defendant as to his marital status and learned that the defendant was “in the process of getting a divorce” from the victim.
Following another bench conference, the judge called the victim as a witness. The victim identified herself by her married name, Latonya Dixon, and testified that she and the defendant were married on June 22, 2007. When questioned about why she told the police officer at the time she made a complaint that the defendant was her ex-husband, she replied:
I didn’t tell them he was my ex-husband. On my [vehicle] registration papers and everything, it has my maiden name, so I guess he [the officer] just wrote that that way.
Based upon the victim’s testimony, the judge quashed the bill of information, concluding that the automobile was community property.
I .ASSIGNMENT OF ERROR
The State maintains that the trial court erred by quashing the bill of information. The defendant, as noted at the beginning of this opinion concedes that this is cor *854 rect. The only argument made by the defendant is that this is really just a squabble between a married couple over the use of an automobile and not a criminal matter. The defendant contends that if this Court were to remand the case for a consideration of the ownership of the automobile, the result will be the same because the trial court will once again dismiss the case based on a finding that the automobile was community property. Therefore, in the interest of judicial economy, the defendant contends that we should affirm a judgment that all concerned agree was incorrect. The defendant notes that the State has referred to no potential facts tending to prove that the automobile was the victim’s separate property. However, we must assume, in the absence of any evidence to the contrary, that the State would not knowingly pursue a meritless prosecution.
In this case, there is no written motion to quash in the record, and oral motions to quash are not considered. State v. Joseph, 2009-1169 (La.App. 4 Cir. 3/24/10), 35 So.3d 422. The defendant concedes in his brief that no written motion to quash was filed. Without a written motion to quash being presented to the district court, the trial court errs by quashing the bill of information. Id.; La.C.Cr.P. art. 536.
Based on the foregoing, we find that the motion to quash should not have been granted.
^DECREE
For the reasons set forth above, we vacate the trial court’s ruling that quashed the bill of information and remand to the trial court for further proceedings consistent with this opinion.
VACATED AND REMANDED.