ROSEMARY LEDET, Judge.
_JjThis is a contractor fraud criminal case in which the defendant, Gentry Major, was charged with theft in the amount of $500 or more, in violation of La. R.S. 14:67(A). Seeking review of the district court’s decision granting Mr. Major’s oral motion to quash the bill of information, the State of Louisiana appeals. For the reasons that follow, we reverse and remand.

STATEMENT OF THE CASE

On September 30, 2010, Mr. Major was charged by bill of information with theft in the amount of $500 or more occurring between August 1, 2006, and December 31, 2006. On October 29, 2010, Mr. Major was arraigned and pled not guilty. On January 28, 2011, a preliminary hearing was held; and the district court found no probable cause. The district court noted its belief that this was a civil matter. The district court set the matter for trial on March 22, 2011. After two continuances, the district court reset the matter for June 14, 2011.
On the day of trial, June 14, 2011, Mr. Major filed a motion for a bench trial, which the district court granted. The State objected to Mr. Major’s waiver of a 1 ajury trial on the basis of La. Const. Art. I, § 17(A), and noticed its intent to seek review. The trial court stayed the proceedings. Granting the State’s application for supervisory writ, this court reversed the district court’s ruling, reasoning that “the trial court erred in allowing the defendant to waive his right to a trial by jury the day of trial.” State v. Major, 11-0942 (La.App. 4 Cir. 7/15/11 )(unpub.)
On December 13, 2011, a bench trial commenced. During opening statement, defense counsel orally moved to quash the bill of information on the ground that the State had failed to timely institute prosecution within four years of the offense as required by La.C.Cr.P. art. 572.[1] The *290 State responded that the bill of information listed the date of the offense as a period of time — between August 1, 2006, and December 31, 2006. The State thus argued that the filing of the bill of information on September 80, 2010, was timely because the State had four years from December 81, 2006, to institute charges. Denying the defense’s motion, the district court allowed the case to proceed.
The State then called the first witness, Cheryl Wright, the victim. Ms. Wright testified that she engaged Mr. Major to renovate her Hurricane Katrina damaged home. She testified that the total contract amount was $67,000.00 and |sthat the contract called for an initial payment of $9,000.00. She further testified that on August 14, 2006, the day she signed the contract, she tendered a check for $9,000.00 to Mr. Major. She identified the check, which was placed into evidence. At that point, the district court called a bench conference.
During the bench conference, defense counsel re-urged his oral motion to quash on the basis that the State, by introducing the check, had documented the date of the theft as August 14, 2006. The State responded that the theft did not occur on August 14, 2006, but occurred sometime later when Mr. Major formed the intent not to do the work and thus to permanently deprive the victim of the funds. The State requested that the motion to quash be denied and that the trial be allowed to continue. Granting the defense’s motion to quash, the district court reasoned that the State could not establish an element of the offense — Mr. Major’s intent to permanently deprive the victim of her property.[2] Particularly, the district court stated that:
“I believe the State would have to demonstrate that at the time, these monies — you may step down, ma’am. (The witness steps down.) At the time these monies were received or accepted by the defendant, that he, in fact, had the intent to permanently deprive this victim of that amount of money. I don’t think the State, based upon the testimony I’ve heard, is in a position to carry that burden.”
This appeal by the State followed.
| ASSIGNMENT OF ERROR
The State’s sole assignment of error is that the district court erred in granting Mr. Major’s oral motion to quash. The State’s argument has two components. First, the State contends that the district court erred in granting the motion to quash because it was not in writing. Second, the State contends that the district court erred in refusing to allow it an opportunity to show that the prosecution was *291 timely instituted. We find the first argument dispositive.
The Code of Criminal Procedure mandates that “[a] motion to quash shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court.” La.C.Cr.P. art. 536 The Code further mandates that a motion to quash “shall specify distinctly the grounds on which it is based” and that “[t]he court shall hear no objection based on grounds not stated in the motion.” Id. Enforcing the mandates set forth in Article 536, the jurisprudence has held that a district court cannot consider an oral motion to quash. State v. Carter, 11-0859, pp. 2-3 (La.App. 4 Cir. 3/21/12), 88 So.3d 1181, 1182-83 (citing State v. Dixon, 101279, p. 3 (La.App. 4 Cir. 5/2/11), 64 So.3d 852, 854 (citing State v. Joseph, 09-1169, pp. 3-4 (La.App. 4 Cir. 3/24/10), 35 So.3d 422, 424)); see also State v. Scott, 06-1610, p. 3-4 (La.App. 4 Cir. 4/25/07), 958 So.2d 725, 728 (discussing the requirements of La.C.Cr.P. art. 536 and stating that “the court shall hear no objection on grounds not stated in the motion”); State v. Beauchamp, 510 So.2d 22, 27, n. 3 (La.App. 1st Cir.1987) (noting that a court may not hear an objection based on grounds not stated in the motion to quash under La.C.Cr.P. art. 536). | fiThe record in this case contains no written motion to quash. Because Mr. Major failed to file a written motion to quash, the district court erred in granting the motion.
The district court further erred in relying on the State’s inability to prove its case as a basis for granting the motion to quash. As we pointed out in Carter, supra, the Louisiana Supreme Court in State v. Byrd, 96-2302 (La.3/13/98), 708 So.2d 401, explained the limited purposes of a motion to quash as follows:
A motion to quash is, essentially, a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge. At a hearing on such a motion, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the court. La.C.Cr.P. art. 531 et. seq.; State v. Rembert, 312 So.2d 282 (La.1975); State v. Patterson, 301 So.2d 604 (La.1974).
In considering a motion to quash, a court must accept as true the facts contained in the bills of information and in the bill of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged; while evidence may be adduced, such may not include a defense on the merits. State v. Gerstenberger, 260 La. 145, 255 So.2d 720 (1971); State v. Masino, 214 La. 744, 750, 38 So.2d 622 (1949) (“the fact that defendants may have a good defense is not sufficient grounds to quash the indictment”).
Byrd, 96-2302 at pp. 18-19, 708 So.2d at 411. In Carter, the district court granted the defendant’s motion on the basis of a factual defense urged by the defendant. Citing Byrd, supra, this court concluded that the district court erred in considering the defendant’s factual defense to the alleged charge as a ground to quash the bill of information. Likewise, the district court in this case erred in finding, based on the testimony presented up to the point the bench conference was called, that the |fiState was “not in a position” to carry its burden of proof. The district court thus erred in granting the motion to quash.[3]

*292
DECREE

For these reasons, we reverse the district court ruling granting the motion to quash; and we remand the case to the district court for further proceedings.
REVERSED AND REMANDED

. La.C.Cr.P. art. 572(A)(2) provides that "no person shall be prosecuted, tried, or punished for an offense not punishable by death or life imprisonment, unless the prosecution is instituted" within four years for a felony not necessarily punishable by imprisonment at hard labor. Because the theft of an amount exceeding $500 is a felony that is not necessarily punishable by imprisonment at hard labor, the State had four years from the date of the offense to file the bill of information. On appeal, the State contends that an exception to the four-year prescriptive period provided in La.C.Cr.P. art. 573(1) applies. This court recently called into doubt this argument in State v. Brumfield, 11-1599 (La.App. 4 Cir. 11/29/12), 104 So.3d 701. In that case, the defendant was a contractor who contracted with the complainants (victims) to repair their Hurricane Katrina damaged premises. Questioning the State's reliance on La.C.Cr.P. art. 573(1), we reasoned that “this relationship between the defendant [contractor] and the complainants is not a fiduciary relationship, *290 which terminated when Brumfield no longer worked for them as a contractor.” Brumfield, 11-1599 at p. 7, 104 So.3d at 709. Given our finding that the lack of a written motion to quash is dispositive, we do not reach this issue.

. Theft is defined in La. R.S. 14:67 as follows: Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representation. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
The three essential elements of the crime of theft that must be proved by the prosecution beyond a reasonable doubt are as follows: (1) The "misappropriation or taking of anything of value which belongs to another,” (2) either "without the consent of the other ... or by means of fraudulent conduct,” and (3) with "intent to deprive the other permanently” of the object of the taking or misappropriation. State v. Victor, 368 So.2d 711, 713 (La.1979).

. We note that “[e]ven though the first witness has been sworn, jeopardy has not attached and the case may be remanded for further proceedings now that the trial court's ruling on the motion to quash has been reversed.” State v. Bentel, 00-0057, p. 4 (La.App. 5 Cir. 9/26/00), 769 So.2d 1247, 1248, n. *292 3 (citing City of Baton Rouge v. Schmieder, 582 So.2d 1266 (La.1991)).