MCKAY, C.J.,
Dissents.
hi respectfully dissent for the majority opinion in this matter and would affirm the defendant’s conviction and sentence.
Essentially, the issue is the divestiture of the trial court’s jurisdiction once an appeal has been requested. The majority has mistakenly addressed this issue under an errors patent analysis.
La.C.Cr.P. art. 920 provides: “the following matters and no others shall be considered on appeal: (1) An error designated in the assignments of error; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purpose of an error patent review the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337, 339 (La.1975); State v. Bou-dreaux, 95-153 (La.App. 5 Cir. 9/20/95), 662 So.2d 22, 28; State v. Pendelton, 96-367 (La.App. 5 Cir. 5/28/97), 696 So.2d 144; State v. Mason, 00-1223 (La.App. 5 Cir. 1/30/01), 7821 i>So.2d 1093. The mere presence of a document in the appellate record transmitted to the appellate court is not sufficient to allow review of the document for discoverable error under Article 920(2). State v. Craddock, 307 So.2d 342 (La.1975); State v. Oliveaux. Under State v. Oli-veaux and its progeny, the minute entry reflecting the granting of the defendant’s motion to quash and the State’s motion for appeal would not be reviewable as an errors patent.
Here, the trial court initially granted the defendant’s oral motion to quash the indictment on September 25, 2012, despite the requirement of La.C.Cr.P. art. 536 that “[a] motion to quash shall be in writing.” On November 9, 2012, the trial court reconsidered the issue and denied the defendant’s motion to quash. It is obvious that the trial court reconsidered his original ruling based upon La.C.Cr.P. art. 536 and applicable jurisprudence.
This Court has consistently held that “[bjecause an oral motion to quash does not comply with La.C.Cr.P. art. 536, it cannot be considered by the trial court.” State v. Dixon, 2010-1279, p. 3 (La.App. 4 Cir. 5/2/11), 64 So.3d 852, 854 (citing State v. Joseph, 2009-1169, pp. 3^ (La.App. 4 Cir. 3/24/10), 35 So.3d 422, 424); State v. Carter, 2011-0859, p. 2 (La.App. 4 Cir. 3/21/12), 88 So.3d 1181, 1182. Most recently, this Court noted that an oral motion is equivalent to no motion at all and is treated as if never made. State v. Major, 2013-1139 (La.App. 4 Cir. 4/9/14), 140 So.3d 174, citing State v. Carter. Thus, the defendant’s urging of an oral motion to *75 quash is treated as having never been made and should not have been considered by the trial court.
At that time, the State orally moved for an appeal, which the trial court granted. However, because the oral motion to quash is equivalent to no motion at all, there was nothing for the State to appeal, and the trial court erred in granting the State’s oral motion for appeal.
|sThe hearing transcript indicates that the trial court went on to acknowledge that the defense counsel’s motion to quash was orally made. The State objected, stating that it had not been served with a written motion to quash. The trial court then ordered defense counsel to file a written motion to quash and serve the State with a copy. The trial court also indicated that it would give the State an opportunity to respond to the motion. These comments suggest that the trial court was still taking the matter under advisement. Yet, at the hearing held on November 9, 2012, the trial court stated that it had reconsidered its ruling on the defendant’s motion to quash and reversed its ruling, thus denying the defendant’s motion to quash.
Essentially, there was nothing for the State to appeal when the prosecutor orally made the motion for appeal. Thus, no appeal was actually taken, and the trial court was not divested of its jurisdiction to deny the defendant’s written motion to quash and to proceed with the trial on the merits.
The jurisdictional issue has not been preserved for review on appeal. La. C.Cr.P. art. 841. The defendant assigned as error the denial of his motion to quash only on the basis of the merits of the motion. As the jurisdictional issue is not reviewable under an errors patent review, the defendant failed to preserve, for the purposes of appeal, the denial of his motion to quash on this basis. Based on the analysis set forth above, I would find that the trial court was not divested of its jurisdiction to try the case. I would affirm the defendant’s conviction and sentence.