NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-596

STATE OF LOUISIANA

VERSUS

MICHAEL ADAM BUMGARNER

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 16-1181
HONORABLE JOHN C. REEVES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Van H. Kyzar, and Candyce G. Perret, Judges.

**AFFIRMED.**

**Philip Allan LeTard**
**Post Office Box 187**
**Vidalia, LA   71373**
**(318) 336-8990**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Michael Adam Bumgarner**

**Bradley R. Burget**
**District Attorney**
**Joseph Anthony Boothe**
**Assistant District Attorney**
**4001 Carter Street, Suite 9**
**Vidalia, LA   71373**
**(318) 336-5526**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**PERRET, Judge.**

In this criminal appeal, defendant, Michael Adam Bumgarner ("Defendant"), was charged and convicted of sexual battery of the minor victim, a violation of La.R.S. 14:43.1. The trial court sentenced him to ten years at hard labor without probation, parole, or suspension of sentence. Defendant now appeals, asserting the trial court: (1) abused its discretion by denying his motion to quash indictment; (2) abused its discretion by allowing the State to circumvent the laws of prescription; and (3) prevented him from presenting his entire defense to the jury. For the reasons stated herein, we affirm Defendant's conviction and sentence.

**PROCEDURAL HISTORY:**

On November 29, 2017, Defendant was charged by bill of information with third degree rape of a minor victim, a violation of La.R.S. 14:43. Subsequently, on July 22, 2019, an amended bill of information was filed, charging Defendant with sexual battery of the minor victim, a violation of La.R.S. 14:43.1. On that same date, Defendant filed a Motion to Quash Indictment, alleging the crime of third degree rape did not exist when the offense was committed, February of 2009. The trial court denied the motion to quash on July 22, 2019, and proceeded with jury selection. On July 25, 2019, the jury found Defendant guilty of sexual battery. Defendant filed a Motion for New Trial on August 13, 2019. On August 14, 2019, the trial court denied Defendant's Motion for New Trial; on August 21, 2019, the trial court sentenced Defendant to ten years at hard labor without probation, parole, or suspension of sentence. On that same date, Defendant was informed of his obligation to register as a sex offender for twenty-five years after his release from prison. On September 13, 2019, Defendant filed a Motion to Reconsider Sentence.

On February 24, 2020, the trial court denied the motion by written ruling rendered after a hearing was held.

On March 3, 2020, Defendant filed a Motion for Appeal, which was granted by the trial court on March 9, 2020. Defendant alleges three assignments of error, one of which contends the trial court erred in denying his motion to quash, another contends the trial court allowed the State to circumvent the laws of prescription, and, finally, one contends the trial court consistently prevented Defendant from presenting his defense to the jury.

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

**FACTS:**

Defendant was convicted of committing sexual battery on a minor victim on or about February 7, 2009. The victim was the fourteen-year-old friend of Defendant's daughter and was spending the night with Defendant's daughter.

**ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO:**

In assignment of error number one, Defendant contends the trial court abused its discretion when it denied his motion to quash indictment, forcing him to be prosecuted for a crime that had prescribed. In assignment of error number two, Defendant contends the trial court abused its discretion in allowing the State to amend the charge to sexual battery, effectively circumventing the laws of prescription. Since these assignments of error are related, we will discuss them together.

*Proceedings in Trial Court*

As stated in the procedural section, Defendant filed a Motion to Quash Indictment on July 22, 2019, alleging the charge of third degree rape did not exist at the time the crime was committed (February 2009.) In 2015, the legislature changed the title of La.R.S. 14:43 from "simple rape" to "third degree rape." 2015 La. Acts No. 184, § 1. In the same act, the legislature added Section "C" of La.R.S. 14:43, which provides that, "For all purposes, 'simple rape' and 'third degree rape' mean the offense defined by the provisions of this Section and any reference to the crime of simple rape is the same as a reference to the crime of third degree rape."

The same day Defendant filed his motion to quash, the State filed an amended bill of information charging Defendant with sexual battery. Before jury selection on that same date, defense counsel argued that Defendant was prejudiced by the amendment and should be granted a continuance. Defense counsel contended that the State did not amend the bill of information to charge simple rape (now called third degree rape) since, as had been discussed in chambers, the charge of simple rape had prescribed. At the time of the offense, simple rape was punishable with or without hard labor. La.R.S. 14:43 (2009 version). According to La.Code Crim.P. art. 572, the prescriptive period for such an offense is four years. Since the offense at issue was committed on February 7, 2009, the four-year time period had expired by the time Defendant was originally charged with third degree/simple rape on November 29, 2017.

Pursuant to La.Code Crim.P. art. 571.1, however, the prescriptive period for instituting prosecution for sexual battery is thirty years from the date the victim turns eighteen. Thus, the prescriptive period for the amended charge of sexual battery has yet to expire. Defense counsel conceded that he was not contesting the State's ability

to amend the charging instrument. Rather, defense counsel contended, Defendant was entitled to a continuance since the amendment prejudiced him. The prejudice, defense counsel alleged, was that he was prepared to defend against simple rape, an offense that has different elements than sexual battery.

The State, on the other hand, contended there was no prejudice since sexual battery is a responsive verdict to third degree/simple rape: "If the State came to trial on either charge, Simple Rape or Third-degree Rape and proved the elements of Sexual Battery, whatever they may be, the State would secure a verdict of guilty of Sexual Battery." Additionally, the State noted, the sentencing range for sexual battery is lower than the range for third degree/simple rape. "So," the State concluded, "[these are] the same elements that he would have had to defend from day one and a lesser sentence exposure range." Accordingly, the State asked the trial court to deny Defendant's motion for continuance.

Defense counsel reiterated that the elements of third degree/simple rape are different from the elements of sexual battery. Additionally, defense counsel argued that the prescriptive period for instituting prosecution had already expired for third degree/simple rape. Defense counsel concluded his argument with the following:

> So, I would ask the Court to carefully review what the law was in 2009, because we cannot create an ex post facto law that says we don't care what they said in 2009, we're trying you in 2019. That's ex post facto. You can't create a charge or a penalty that's worse than when this was supposed to have happened in 2009.

The trial court recessed briefly and then gave the parties time to offer additional arguments regarding the elements of sexual battery versus the elements of third degree/simple rape. Defense counsel pointed out that the age of the victim is not mentioned in the simple rape statute as it is in the sexual battery statute. Defense counsel argued further:

4

So, the whole complexion of this case has changed from an intoxicated victim, no matter what age, to the Sexual Battery is a - - and age is a requirement and all that has to be proved is that he touched her in an offensive way and in an offensive place. That's a far cry from what you have to prove for rape. Rape calls for penetration. This only calls for a touching. So I would submit to the Court that there is a very grave difference between not only the elements of the crime, but certainly once those elements are met, then we have a different sentence, but they're both serious sentences. They're both without hard - - without benefit of parole or probation of sentence. So my suggestion to the Court is, when this happens on the day of trial, and the Court looks at the differences, just because they're responsive pleadings, doesn't excuse the differences between being tried for rape, which would have necessarily required the Court to dismiss the case, because it was prescribed and a Sexual Battery case, which means that the case has to go forward. So that's a very significant difference, Judge, between having a case that you can dismiss because it's prescribed to also having a case that because Sexual Battery is one of those enumerated charges that has this longer prescriptive period [sic].

. . . .

So, for those reasons, the charge is not the same, the burden of proof is not the same, and certainly the statute of limitations is not the same. That's why I humbly request the Court look at the rule that says if my client is prejudiced, he shall be given a continuance for a reasonable amount of time. That's what the statute says. It doesn't say maybe, it says shall. Thank you.

In response, the State reiterated its argument that sexual battery had always been and still is a responsive verdict to third degree/simple rape. If defense counsel chose not to prepare for that charge, the State argued, it was not the State's fault and should not be considered prejudicial to Defendant. Since the prescriptive period for sexual battery had not lapsed, the State further argued, sexual battery had always been and remained a viable charge.

After hearing the above arguments, the trial court ruled "in the State's favor" and proceeded with the trial. Defense counsel moved for a stay of the proceeding to seek review in this court. The trial court denied Defendant's request for a stay;

however, after searching the filings of this court, it does not appear that Defendant sought review of the trial court's denial of a continuance.[1]

*Defendant's Arguments in Brief*

In assignment of error number one, Defendant cites La.Code Crim.P. art. 577 for the proposition that the issue of untimely institution of prosecution may be raised at any time, but only once, and must be tried by the court alone. Defendant asserts that the 2009 third degree rape/simple rape for which he was charged on November 29, 2017, had prescribed under the time periods set forth in La.Code Crim.P. art. 572. Once the prescription issue was brought to the trial court's attention, Defendant contends, the charge should have been quashed. Instead, Defendant complains, the trial court allowed the State to amend the bill of information on the morning of trial to circumvent prescription.

In assignment of error number two, Defendant acknowledges that his written motion to quash alleged that the indictment failed to charge an offense punishable under a valid statute. It was not until his oral argument on the matter that defense counsel expanded his motion to quash to include the ground of untimely prosecution. Defendant contends the State "somehow" learned that his counsel intended to file a motion to quash and preemptively amended the bill of information to charge sexual battery the morning of trial. As stated previously, the prescriptive period for instituting prosecution against Defendant for sexual battery has yet to expire.

Louisiana Code of Criminal Procedure Article 536 mandates that a motion to quash must be submitted in writing, signed by the defendant or his attorney, and

---

[1]Defendant sought review of the trial court's denial of an unrelated motion for continuance, and this court denied writs. *State v. Bumgarner*, 19-513 (La.App. 3 Cir. 7/1719) (unpublished opinion), *writ denied*, 19-1170 (La. 7/19/19), 277 So.3d 1181.

filed in open court or in the office of the clerk of court. Article 536 further states that the motion must specify the grounds on which it is based and that the trial court is prohibited from hearing any objection based on grounds not set forth in the motion. The only motion to quash filed by Defendant was the motion filed on July 22, 2019, in which Defendant alleged only that the bill of information charged an offense that did not exist at the time the offense was committed.

Defendant cites *State v. Jones*, 209 La. 394, 24 So.2d 627 (1945), for the proposition that a claim of prescription is not waived even though it was not previously raised. In *Jones*, a motion to quash was filed nine years after Jones was convicted. The court in *Jones* found the record contained a "fatal errors patent upon its face" since the bill of information was filed after the prescriptive period and failed to "negative" prescription. *Id.* at 628. The State contends *Jones* is distinguishable because the prescriptive period for the offense of which Defendant was convicted (sexual battery) had not lapsed.

In *State v. Major*, 12-407 (La.App. 4 Cir. 1/16/13), 108 So.3d 288, the fourth circuit found that a written motion to quash was required for a motion to quash based on the untimely institution of prosecution. Major orally moved to quash the bill of information during opening statement. The trial judge initially denied the motion but subsequently granted the motion when defense counsel re-urged the motion during a bench conference. The State sought review, asserting that the trial judge erred in granting a motion to quash that was not in writing and erred in refusing to allow the State to show that the institution of prosecution was timely. Finding the first argument dispositive, the fourth circuit stated:

> The Code of Criminal Procedure mandates that "[a] motion to quash shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court." La.C.Cr.P. art.

7

536[.] The Code further mandates that a motion to quash "shall specify distinctly the grounds on which it is based" and that "[t]he court shall hear no objection based on grounds not stated in the motion." *Id.* Enforcing the mandates set forth in Article 536, the jurisprudence has held that a district court cannot consider an oral motion to quash. *State v. Carter,* 11-0859, pp. 2-3 (La.App. 4 Cir. 3/21/12), 88 So.3d 1181, 1182-83 (citing *State v. Dixon,* 10-1279, p. 3 (La.App. 4 Cir. 5/2/11), 64 So.3d 852, 854 (citing *State v. Joseph,* 09-1169, pp. 3-4 (La.App. 4 Cir. 3/24/10), 35 So.3d 422, 424)); *see also State v. Scott,* 06-1610, p. 3-4 (La.App. 4 Cir. 4/25/07), 958 So.2d 725, 728 (discussing the requirements of La.C.Cr.P. art. 536 and stating that "the court shall hear no objection on grounds not stated in the motion"); *State v. Beauchamp,* 510 So.2d 22, 27, n. 3 (La.App. 1st Cir.1987) (noting that a court may not hear an objection based on grounds not stated in the motion to quash under La.C.Cr.P. art. 536). The record in this case contains no written motion to quash. Because Mr. Major failed to file a written motion to quash, the district court erred in granting the motion.

*Id.* at 291 (first and third alterations in original).

Considering La.Code Crim.P. art. 536 and *Major*, we find Defendant is precluded from now raising the untimely institution of prosecution since he failed to argue this ground in his written motion to quash. Furthermore, we find defense counsel's oral argument in the trial court focused on continuing the trial because of the amendment to sexual battery, not quashing the indictment. Thus, we find Defendant has not preserved his claim that the indictment should have been quashed based on prescription. Accordingly, we find the trial court did not err in denying the motion to quash.

**ASSIGNMENT OF ERROR NUMBER THREE:**

Defendant contends the trial court "consistently" prevented him from presenting his entire defense to the jury. In this assignment, however, Defendant specifically discusses only two such incidents. Defendant sought to introduce evidence that his daughter, Whitley Pittella, accused Defendant of molesting the victim because she believed Defendant had molested his niece and believed she needed to protect her niece. Defendant also sought to introduce evidence that

Whitley and the victim were accused of engaging in sexual misconduct on the night of the incident.

We will first address Defendant's claim that he was unable to present evidence that his daughter, Whitley, accused him of molesting the victim because she believed Defendant had molested his niece, Kaylee. As Defendant points out in his brief, Defendant's brother, Daniel, testified that Whitley told him that Defendant had made her life a "living hell" and that she was "doing this" to protect "Kaylee," Daniel's daughter. When Daniel testified that he asked Whitley if she knew that Defendant did not mess with Kaylee, the State objected. The State argued that such evidence was other crimes evidence, while defense counsel argued the evidence was not evidence of another crime and argued that the evidence was necessary to show Whitley's motive for accusing him of sexually abusing the victim. Defense counsel further argued that it was necessary for Daniel to testify that someone else, not Defendant, was found guilty of abusing Kaylee. When the trial court stated that it would not allow the testimony, defense counsel stated that he wanted to make an "offer of proof." After some conversation about whether defense counsel had already made a proffer of the evidence, the Prosecution stated that defense counsel could ask Daniel what Whitley said specifically. Daniel repeated that Whitley told him she was "doing this" for his daughter, Kaylee. Additionally, Daniel testified that Whitley asked him what happened with "the older man." Daniel told Whitley that Kaylee had been molested by an older man.

In his brief, Defendant contends that Whitley's accusation against Defendant was motivated by her desire to protect Kaylee because she believed Defendant was the one that molested Kaylee. Defense counsel had previously attempted to ask Whitley such information but was stopped when the State objected to defense

9

counsel "getting dangerously close to evidence about crimes that we have not submitted." Defense counsel explained:

> Your Honor, the point is this. He was accused and he was not guilty but she thought he was guilty of molesting one of - - the children and that's part of her motive for doing this. That's why I need to ask her if she thought that he had done that. Is that part of her reason for coming forward?

When the trial court stated the evidence was not relevant, defense counsel asked to remove the jury so that he could make an "offer of proof." Out of the presence of the jury and the victim, defense counsel stated:

> Your Honor, in the way of an offer of proof I asked Ms. Pittella if she thought Adam had done anything to a child of Daniel Bumgardner [sic]. Which is name [sic] is Kaylee Bumgardner [sic]. And the relevance is, your Honor, that I feel like this is part of her incentive to go forward with this case in some misguided attempt to protect Kaylee Bumgardner [sic], because the evidence will prove that Mr. Adam Bumgardner's [sic] case was dismissed, because Kaylee Bumgardner [sic] was molested by her next-door neighbor, who is currently in prison at Parchman Prison in Mississippi.
>
> I feel like it's important for the jury to know because I think it's part of her reason that she went forward and did this to her father and she's already - - she's going - - I have a witness who's prepared to say that very thing, that they were told by Ms. Pittella that she was trying to protect this child and then found out that the child didn't need protecting from Adam because Adam didn't do it. And for that reason, I believe that this is critical information that should not have been kept from the jury.

The State responded that the evidence constituted other crimes evidence and was not admissible. The State further asserted that the accusations did not involve any of the witnesses or victims in this case and had no relation to this case. Defense counsel responded that the evidence was relevant to show Whitley's state of mind. Defense counsel contended that he had a witness who was going to testify that Whitley told him she came forward with the accusation against Defendant to protect Kaylee. Defense counsel argued the evidence was relevant because "the jury should

be allowed to hear what motivated her to come forward seven years later." Finally, the following colloquy took place:

> **MR. BOOTHE:** [(the Prosecutor)]
>
> Your Honor, I'm going to note that Ms. Pittella has already testified as to the reason that she raised - - that she came forward with this. And it was about Mr. Bumgardner's [sic] relationship with a woman and her children, her concern for her children. She testified to that, that was - -
>
> **MR. LETARD:** [(Defense Counsel)]
>
> And I think - -
>
> **MR. BOOTHE:**
>
> - - what she gave as a reason for this.
>
> **MR. LETARD:**
>
> And I think she's a liar, and she's on cross, and I have a right to cross her to prove that she's not telling the truth.

After the State reiterated that Defendant did not have the right to bring in evidence of crimes that had nothing to do with the case, the trial court stated that it was going to rule in the State's favor.

*Analysis and Jurisprudence*

The supreme court has held that a "district court's ruling on the admissibility of other crimes evidence will not be overturned absent an abuse of discretion." *State v. Taylor*, 16-1124, 16-1183, p. 18 (La. 12/1/16), 217 So.3d 283, 296 (citing *State v. Galliano*, 02-2849 (La. 1/10/03), 839 So.2d 932). Louisiana Code of Evidence Article 404(B) provides, in pertinent part:

> **B. Other crimes, wrongs, or acts.** (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall

11

provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

In *Taylor*, 217 So.3d at 291, the supreme court stated the following regarding the State's burden of proving the commission of the other crimes evidence:

[W]e now recognize and hold that when seeking to introduce evidence pursuant to La. C.E. art. 404(B), the state need only make a showing of *sufficient* evidence to support a finding that the defendant committed the other crime, wrong, or act.

Additionally, the supreme court stated:

Code of Evidence article 404(B)(1) embodies the settled principle that evidence of other crimes may be admissible if the state establishes an independent and relevant reason for its admission. . . . . Moreover, even when the other crimes evidence is offered for a purpose allowed under Article 404(B)(1), the evidence must have substantial relevance independent from showing defendant's general criminal character and thus is not admissible unless it tends to prove a material fact at issue or to rebut a defendant's defense. . . . It is the duty of the district court in its gatekeeping function to determine the independent relevancy of this evidence. The district court must also balance the probative value of the other crimes, wrongs or acts evidence against its prejudicial effects before the evidence can be admitted.

*Id.* at 292 (citations omitted).

The current case is unique in that Defendant, not the State, sought to introduce "other crimes evidence." Thus, the normal prejudice concerns are not present; however, the evidence must still be relevant. As the State notes in its brief, the record does not support Defendant's assertion that the evidence was relevant to prove Whitley's motive for making the allegations at issue. At trial, Whitley explained that Defendant is her biological father and that the incident happened in February 2009. On a night when the victim (a fourteen-year-old friend) was spending the night with Whitley, a friend of Defendant's came over, and Whitley's mom went to work. According to Whitley, Defendant encouraged Whitley and the

victim to drink to the point that Whitley passed out in her closet. Whitley testified that when she woke up, she was wearing a night gown that she had not been wearing before. When she looked for the victim, she saw Defendant "on top" of the victim. Whitley testified that the victim's shirt was still on, but her pants were around her ankles. According to Whitley, Defendant had the victim pinned to the ground and was having sex with her.[2]

When asked if that was the first time she knew of Defendant doing something inappropriate, Whitley testified that something happened when she was nine. Whitley was in the bed with Defendant and her mother when she felt someone touching her. When she turned around, Defendant moved his hand really fast and closed his eyes. Whitley later asked Defendant why he touched her, and he told her that he thought she was her mother.

According to Whitley, she told her cousin, her mom, and her social worker about what she saw happen to the victim. When asked what made her decide to tell the authorities about what happened, Whitley replied:

> When I wouldn't stop having nightmares about him hurting other people's children. I just recently found out that he was in a relationship with someone and she had children. It ate me alive. (witness crying) I felt like those kids were going to be in danger. I felt like - - I felt like I had to do anything that I could to protect any other children that may come in his path.

Whitley testified that she did not go to the authorities earlier because she was scared of Defendant. When she became an adult, however, she realized she "no longer

---

[2]Like Whitley, the victim testified that Defendant supplied them with alcoholic drinks on the night in question. According to the victim, "everything went black" and then she awoke to Defendant's face between her legs followed by Defendant raping her. Whitley's mom walked in, the victim testified, and started yelling at Defendant.

walked in fear." Finally, Whitley testified that she never told someone that she made up the events.

We find the trial court did not err in its ruling that Defendant could not solicit evidence regarding Whitley's belief that Defendant was falsely accused of abusing Whitley's cousin, Kaylee. Defendant claims this evidence should have been introduced to show that Whitley made the current allegations based on her belief that Kaylee had been abused by Defendant and needed to be protected from him. Whitley acknowledged that she came forward with the present allegations when she realized Defendant was in a relationship with a woman who had children. Whitley testified she had nightmares about other children being in danger because of Defendant. The fact that Kaylee was one of the children Whitley was concerned about was testified to by Daniel, Kaylee's father. Because Whitley testified she was concerned for other children as well, Whitley's concern for Kaylee appears to have stemmed from what she witnessed Defendant do to the victim as well as what Defendant did to her. The record does not support a finding that Whitley's concern for Kaylee stemmed from anything else, much less from Whitley's belief that Defendant abused Kaylee. Thus, we find the fact that Whitley may have believed Defendant abused Kaylee and the fact that the accusation proved false was not relevant to show Whitley's motivation for telling authorities about what she witnessed in February 2009. Accordingly, we find the trial court did not err in excluding such evidence.

Defendant also claims the trial court erred in excluding evidence that Whitley and the victim participated in inappropriate sexual conduct on the night in question. Defendant asserts that his father and brother testified that the girls were accused of sexual misconduct on the night in question. Defendant cites to the testimony of his father, Michael Bumgarner, who testified that the "girls had had inappropriate sex

14

together . . . ." Defendant also cites to the testimony of his brother, Daniel Bumgarner, who testified that Whitley's mother caught the two girls engaging in some "lesbian activity."

Although the jury heard testimony regarding sexual conduct between Whitley and the victim, Defendant complains that the jury was not able to hear either Whitley or the victim testify as to such activity. During the victim's testimony, defense counsel asked her if Whitley touched her inappropriately on the night in question. Before the State could get its full objection out, the victim replied, "No, sir." The State objected to the relevance of such testimony, to which defense counsel responded that he had witnesses that would make it relevant. The trial court sustained the State's objection. Defense counsel immediately followed with a question of the victim as to whether anyone accused her of doing anything inappropriate with Whitley on the night in question. Before the trial court sustained the State's objection, the victim answered, "Not that I remember." Subsequently, during Whitley's testimony, defense counsel asked if anyone had accused her of having sexual contact with the victim on the night in question. The trial court again sustained the State's objection.

In brief, the State asserts that La.Code Evid. art. 412(A) precludes the admission of evidence of sexual conduct of the victim. Additionally, the State cites La.Code Evid. art. 608(B) for the proposition that it precludes the admission of particular acts, vices, or courses of conduct of a witness in order to attack the witnesses' character for truthfulness.

_Law and Analysis_

According to La.Code Evid. art. 412(A)(1), reputation or opinion evidence of the victim's past sexual behavior is not admissible in a case involving an accused's

15

sexually assaultive behavior. That article defines "'past sexual behavior'" as "sexual behavior other than the sexual behavior with respect to which the offense of sexually assaultive behavior is alleged." La.Code Evid. art. 412(F). Article 412(A)(2) also excludes evidence of specific instances of the victim's past sexual behavior except in certain circumstances, none of which are present in this case. Furthermore, Article 412 provides, in pertinent part, for the following procedure when a defendant seeks to introduce evidence of specific instances of the victim's past sexual behavior:

> **C. Motion.** (1) Before the person, accused of committing a crime that involves sexually assaultive behavior, human trafficking, or trafficking of children for sexual purposes, may offer under Subparagraph (A)(2) or (B)(2) of this Article evidence of specific instances of the victim's past sexual behavior, the accused shall make a written motion in camera to offer such evidence. The motion shall be accompanied by a written statement of evidence setting forth the names and addresses of persons to be called as witnesses.

> (2) The motion and statement of evidence shall be served on the state which shall make a reasonable effort to notify the victim prior to the hearing.

> **D. Time for a motion.** The motion shall be made within the time for filing pre-trial motions specified in Code of Criminal Procedure Article 521, except that the court shall allow the motion to be made at a later date, if the court determines that:
> (1) The evidence is of past sexual behavior with the accused, and the accused establishes that the motion was not timely made because of an impossibility arising through no fault of his own; or

> (2) The evidence is of past sexual behavior with someone other than the accused, and the accused establishes that the evidence or the issue to which it relates is newly discovered and could not have been obtained earlier through the exercise of due diligence.

> **E. Hearing.** (1) If the court determines that the statement of evidence contains evidence described in Subparagraph (A)(2) or (B)(2), the court shall order a hearing which shall be closed to determine if such evidence is admissible. At such hearing the parties may call witnesses.

> (2) The victim, if present, has the right to attend the hearing and may be accompanied by counsel.

(3) If the court determines on the basis of the hearing described in Subparagraph (E)(1) that the evidence which the accused seeks to offer is relevant and that the probative value of such evidence outweighs the danger of unfair prejudice, such evidence may be admissible in the trial to the extent an order made by the court specifies evidence which may be offered and areas with respect to which the victim may be examined or cross-examined. Introduction of such evidence shall be limited to that specified in the order.

(4) Any motion made under Subparagraph C and any statement of evidence, brief, record of a hearing, or like material made or used in connection with the motion shall be kept in a separate, sealed package as part of the record in the case. Nothing in this Article shall preclude the use of the testimony at such hearing in a subsequent prosecution for perjury or false swearing.

Defendant does not cite to any portion of the record where such a motion was made or hearing was held.

Louisiana Code of Evidence Article 608 provides as follows:

**A. Reputation evidence of character.** The credibility of a witness may be attacked or supported by evidence in the form of general reputation only, but subject to these limitations:

(1) The evidence may refer only to character for truthfulness or untruthfulness.

(2) A foundation must first be established that the character witness is familiar with the reputation of the witness whose credibility is in issue. The character witness shall not express his personal opinion as to the character of the witness whose credibility is in issue.

(3) Inquiry into specific acts on direct examination while qualifying the character witness or otherwise is prohibited.

**B. Particular acts, vices, or courses of conduct.** Particular acts, vices, or courses of conduct of a witness may not be inquired into or proved by extrinsic evidence for the purpose of attacking his character for truthfulness, other than conviction of crime as provided in Articles 609 and 609.1 or as constitutionally required.

**C. Cross-examination of character witnesses.** A witness who has testified to the character for truthfulness or untruthfulness of another witness may be cross-examined as to whether he has heard about particular acts of that witness bearing upon his credibility.

"A trial court's ruling on the admissibility of evidence will not be disturbed on appeal absent a clear abuse of the trial court's discretion." *State v. OBrien*, 17-922, p. 21 (La.App. 3 Cir. 4/4/18), 242 So.3d 1254, 1269, *writ denied,* 18-663 (La. 2/18/19), 265 So.3d 769. We find Defendant fails to show any abuse of discretion in this case. The jury heard evidence that Whitley and the victim were accused of sexual misconduct on the night in question. Defendant fails to show how the testimonies of Whitley and the victim would have offered different evidence than that already introduced. Furthermore, such evidence appears to be inadmissible under the code articles cited above. Accordingly, we find this assignment of error lacks merit.

In conclusion, we find no merit to Defendant's assignments of error and hereby affirm his conviction and sentence.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

18